No. 35,961

FRANCES JAMES, *Appellee* and *Cross-appellant*, v. METROPOLITAN LIFE INSURANCE COMPANY, *Appellant*.

(145 P. 2d 144)

Opinion filed January 22, 1944.

*Thomas M. Van Cleave,* of Kansas City, argued the cause, and *Edwin S. McAnany,* of Kansas City, and *Harry Cole Bates,* of New York, N. Y., were on the briefs for the appellant.

*J. O. Emerson,* of Kansas City, argued the cause, and *Fred Robertson* and *Edward M. Boddington,* both of Kansas City, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action on a group policy of insurance issued by appellant insuring the lives of certain employees of Armour and Company. Plaintiff sued as the named beneficiary in a certificate issued, certifying that Frank James, her husband, was insured under the group policy. The case was here before (155 Kan. 377, 125 P. 2d 369). At that time the court affirmed a judgment for plaintiff rendered by the trial court on the pleadings and opening statements of counsel. Appellant filed a motion for rehearing, contending the pleadings presented a controverted issue of fact. A rehearing was granted, additional briefs were filed and

the cause was reargued and a second opinion written (156 Kan. 8, 131 P. 2d 915). In that, upon a careful reëxamination of the pleadings and opening statements, the court found a controverted issue of fact in this: Plaintiff in her amended petition had alleged that her husband entered the employment of Armour and Company "sometime in 1922 and continued in its employment up until about March 4, 1932, when the said Frank James was killed" from a cause, as we understand, not connected with his employment. That in defendant's answer it was alleged: "Defendant states that said Frank James left the employ of Armour and Company on the 20th day of October, 1931. . . . Frank James was afterwards and on November 3, 1931, again employed by Armour and Company . . ." and that the insurance was discontinued "by reason of the termination of the employment of Frank James with Armour and Company on October 20, 1931." The reply controverted this allegation of the answer. The court set aside its former opinion and reversed the judgment of the trial court. In March, 1943, the cause came on for trial by jury. Over defendant's objection the trial court held the burden of proof was on defendant. The jury returned a verdict for plaintiff, and answered a special question as follows:

"Did Frank James quit his job with Armour & Company on October 20, 1931? A. No."

Judgment was rendered on the verdict, defendant's motion for a new trial was overruled, and it has appealed, contending the court erred (1) in holding the burden of proof to be on defendant, (2) in overruling defendant's motion for a directed verdict, (3) in limiting the issue on the question of termination of employment to one certain date, and (4) in the giving of certain instructions.

The burden of proof in a civil action is determined from the pleadings and the admissions of counsel on behalf of their clients made intentionally to clarify issues. In its instructions the trial court summarized these as follows:

"4. In this case both parties have admitted, either in their pleadings or by statements, that the following facts are true; and the jury in their deliberations may accept said facts as established, regardless of whether or not any evidence has been introduced in the case to substantiate them:

"(a) The execution of the master policy (group policy No. 2893-G) issued by the defendant company, and the certificate under said master group policy issued to Frank James, in which the plaintiff, Frances James, is named as beneficiary; both dated February 20, 1926; both of which have been received in evidence.

"(b) That Frank James, the insured mentioned in the certificate above referred to, died on the 4th day of March, 1932.

"(c) That Frank James, the insured mentioned in the certificate, was an employee of Armour & Company on March 4, 1932, the date of his death.

"5. The defendant in this action alleges in its answer that Frank James quit the employ of Armour & Company on October 20, 1931, and that by the terms of said certificate attached to plaintiff's second amended petition as Exhibit 'A' and the provisions of said group policy attached to defendant's answer as Exhibit 'A,' such insurance on Frank James was discontinued; and that said Frank James never having thereafter completed six months continuous service in the employ of Armour & Company, never became eligible for insurance nor could he be insured under such group policy, which policy expressly provided that the defendant Metropolitan Life Insurance Company insured the lives of new employees of Armour & Company eligible to apply for insurance only upon completion of six months continuous service.

"As to these allegations of its answer, the burden of proof is upon the defendant to prove said allegations by the preponderance of the evidence; . . ."

Defendant objected to the last sentence above quoted, but to no other part of these instructions. We think the trial court properly determined that under the pleadings and admissions intelligently made plaintiff was entitled to recover unless it was a fact, as alleged by defendant, that the insured quit the employment of Armour & Company on or about October 20, 1931. That view of the trial court accords with the view of this court in its previous opinion in this case. We have examined and considered all that counsel have said on this point and the authorities cited by them, but think no good purpose would be served by making an extended statement of the pleadings, the policy and the certificate and an analysis of the authorities cited.

At the close of the evidence defendant moved for a directed verdict in its favor and now contends the court erred in overruling that motion. Appellant contends the evidence clearly proved that the insured quit the employment of Armour and Company on October 20, 1931. Four witnesses testified for defendant, and plaintiff testified in her own behalf. The testimony of defendant's witnesses largely pertained to the records of Armour and Company, and together with exhibits introduced was quite lengthy. We think no good purpose will be served by setting it out and analyzing it in detail. There had been some erasures of the record, explanations of which may or may not have been satisfactory to the triers of fact, and in part depended upon the recollection of witnesses who testified to some matters which had transpired about twelve years earlier.

We think the weight to be given to this evidence and to the credibility of the witnesses were proper matters to be considered by the jury.

Appellant contends the court erred in limiting the issue to the termination of employment of the insured upon the one date of October 20, 1931. In the answer defendant had alleged that the insured was "on November 3, 1931, again employed by Armour and Company at its Kansas City, Kansas, plant, and remained in such employment until December 31, 1931. That he again entered such employment on February 6, 1932, and remained in such employment until February 11, 1932. That he again entered such employment on February 27, 1932." Appellant contends that the court should have told the jury in its instructions that if the insured quit the employment at any of the dates mentioned, that is, December 31, 1931, or February 11, 1932, the plaintiff could not recover on the policy. The difficulty with that is that the answer did not plead a quitting of the employment upon either of those dates, but simply stated facts as to the time the insured worked and the time he did not. The answer specifically alleged:

". . . by reason of the termination of the employment of Frank James with Armour and Company on October 20, 1931, and insurance on the said Frank James was thus automatically terminated and this defendant released from any further liability of any kind on account thereof. That said Frank James, never having thereafter completed six months continuous service with said Armour and Company, never became eligible for, nor could he be insured under such group policy."

In view of this answer we think the trial court correctly held that no issue was made by the pleadings upon the question of the termination of the insured's employment with the company as of any date other than October 20, 1931.

Appellant complains of the tenth and a portion of the eleventh instructions of the court. We have examined these instructions and considered all counsel have said about them and find no error in the instructions.

The judgment of the court below is affirmed.