No. 45,162

Rosa C. Koch, Administratrix of the Estate of E. G. Koch, Deceased, *Appellee*, v. The Prudential Insurance Company of America, a Corporation, *Appellant*.

(447 P. 2d 825)

Opinion filed December 7, 1968.

*J. L. Weigand, Jr.,* of Wichita, argued the cause, and *Lawrence Weigand, Lawrence E. Curfman, Byron Brainerd, Charles W. Harris, Orval J. Kaufman, Donald A. Bell, Spencer L. Depew, Paul M. Buchanan, John R. Stallings, Brian G. Grace* and *Windell G. Snow,* all of Wichita, and *Granville M. Bush,* of Lyons, were with him on the briefs for the appellant.

*Arthur C. Hodgson,* of Lyons, argued the cause, and *James G. Kahler,* of Lyons, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This controversy stems from a dispute as to the age of an insured at the time of his acceptance under a group credit life insurance policy.

On October 30, 1961, E. G. Koch, the decedent, made an installment purchase of a J. I. Case Tractor and gave an installment note to the seller, a local implement dealer in Lyons, Kansas. In connection with the installment purchase contract, Koch made application to the J. I. Case Company for insurance under the terms and conditions of a group credit policy issued by the defendant, The

Prudential Insurance Company of America, and stating in the application that he was then sixty-five years of age.

The installment contract and note were assigned to the J. I. Case Credit Corporation. On November 7, 1961, Koch was so advised. He was also advised that the insurance had been issued as he had requested and a statement of insurance from the defendant insurance company was mailed to him. The statement of insurance stated:

"The insurance protection described in this statement of insurance does not apply to any indebtedness which originates on or after the debtor's attainment of age sixty-six."

Koch died intestate on September 10, 1964, at which time he owed a balance of $2,949.29 on the installment note. Koch's representative forwarded a certified copy of his death certificate as proof of death under the insurance policy. Upon receipt of the death certificate by the defendant insurance company it denied liability on the grounds the death certificate showed Koch was not eligible under the terms of the group credit life policy. The certificate gave the date of his birth as April 12, 1895.

The J. I. Case Credit Corporation filed a claim in the probate court for the balance due on the installment note. The claim was allowed and paid. An action was then commenced against the insurer for the amount due on the note at the date of decedent's death by Rosa C. Koch, widow of the decedent and administratrix of his estate. After the issues were framed the parties stipulated at a pretrial conference that—

"The sole issue of fact to be determined in the above entitled cause is Mr. E. G. Koch's date of birth."

Further simplified—was his date of birth April 12, 1895, or April 12, 1896?

The trial court found that E. G. Koch was born April 12, 1896, and the group credit life insurance was in effect at the time of his death. Judgment was rendered against the defendant for the balance due on the installment note.

The defendant has appealed.

The appellant first contends that the trial court erred in not sustaining its motion for summary judgment.

At the time the motion was presented to the trial court there were various documents which gave conflicting dates as to the birth of E. G. Koch. The trial court properly found that there was a

justifiable issue of fact as to whether or not Koch had attained the age of 66 on October 30, 1961, the date he signed the installment purchase contract.

Appellant suggests that admissions of plaintiff, Rosa C. Koch, administratrix of the estate of E. G. Koch, deceased, were sufficient as a matter of law to sustain appellant's motion for summary judgment. Rosa Koch subsequently resigned as administratrix because of failing health, she died before the case came to trial, but while acting for the estate in her representative capacity she did on request for admissions state in part as follows:

"Plaintiff states that she believes Elmer G. Koch was sixty-six (66) years of age at the time he purchased the tractor and attachments alleged in the plaintiff's petition from the Burgess Implement Company of Lyons, Kansas, but that she likewise knows that said Elmer G. Koch believed himself to be sixty-five (65) years of age at the time said purchase was made and that the facts concerning age are as readily available to the defendant as they are to the plaintiff and that the plaintiff does not actually know the age of the decedent, Elmer G. Koch."

The appellant refers to "an equivocating admission," not a denial, and calls our attention to federal decisions, construing the federal rule similar to our K. S. A. 60-236 providing for admissions, holding that "straddling statements" and "evasive answers" are, in law, admissions under the rule. We do not find the plaintiff's admission to be subject to such classifications.

The then plaintiff very frankly stated that she believed that her husband was sixty-six (66) when he purchased the tractor, but that he believed himself to be sixty-five (65) and that she does not actually know his age. It appears to us that the admission was unusually frank for an admission by a party.

It should also be noted that subsequent to the request for admissions the appellees answered interrogatories which brought forth written documents establishing the age of Koch at the time he purchased the tractor as sixty-five (65) years.

We conclude that the admission of the then plaintiff fell well within that part of K. S. A. 60-236 which reads:

". . . A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or qualify a matter of which admission is requested, *he shall specify so much of it as is true and qualify or deny the remainder.*" (Emphasis supplied.)

The appellant next contends that the trial court's findings are contrary to the overwhelming weight of the evidence.

Before considering the above question there are two preliminary matters that require attention. The appellant suggests that since the evidence before the trial court consisted entirely of pleadings, admissions, exhibits and a stipulation this court should decide what the facts admitted in evidence establish and in effect try the case *de novo.*

We have adhered to the rule that where the controlling evidence on the issue of fact provides the trial court with no peculiar opportunity to evaluate the credibility of witnesses, it is the responsibility of the court of appellate review to decide what the facts admitted in evidence establish. In *North River Ins. Co. v. Aetna Finance Co.,* 186 Kan. 758, 352 P. 2d 1060, we stated at page 759:

". . . In this situation, this court having the same opportunity as the trial court to consider the facts, must in effect treat the appeal as a trial *de novo.* . . ."

We will heed the admonition.

This brings us to the second preliminary issue. Both parties contend that the burden of proof is on the other.

Although this court has not passed directly on the question, it appears to be the very general rule that where the insurer challenges the coverage because of a misstatement by the insured of his age, the insurer has the burden of proving the falsity. (160 A. L. R. 311.)

In Couch on Insurance, Sec. 2247a we find the following statement:

"In the absence of proof to the contrary, a presumption exists that the applicant has truly stated his age, wherefore the insurer, relying on a forfeiture for misstatement of age, has the burden of proving the falsity. So it has been said that the burden of proving a misstatement by insured of his age, or that he was over the insurable age limit, rests with the insurer. . . . Of course, a misstatement as to age cannot be established by insufficient evidence. In fact, to effect a forfeiture because of a misstatement of age, the evidence must be clear and of a positive character. Thus, although the presumption that the applicant has truly stated his age may be overcome by proper evidence, it is not overcome by conflicting statements made in the proofs of death furnished by one of the beneficiaries under the policy. . . ." (p. 7342. For later case see 1945 supplement.)

We had a situation quite similar to the one now before us in *James v. Metropolitan Life Ins. Co.,* 158 Kan. 26, 145 P. 2d 144. In the *James* case the plaintiff, insured's representative, brought suit against the defendant insurance company on an employee's group life insurance policy. The defense was based on the contention that

the insured was not covered by the group policy because he had terminated his employment. We held that the trial court did not err in placing the burden of proof upon the defendant.

We must conclude that the contention that one is not in an assured group because of age presents an affirmative defense and the burden of proof is upon the insurer.

The trial court in a memorandum decision summed up the evidence as follows:

"Because of its age and because it was signed by E. G. Koch, the marriage affidavit given in 1921 is the most probative evidence. It suggests an age of 66.

"Next most probative is the Bankers Life application of 1923 signed by E. G. Koch. It suggests an age of 65.

"Next most probative is the Security Life & Accident application of 1941 signed by E. G. Koch. It suggests an age of 65.

"Next most probative are the records of the Motor Vehicle Department starting in 1956 to whom E. G. Koch gave data that suggest an age of 65.

"Next most probative are the Army Discharge of 1919 and the Birth Certificate of Calvin Koch of 1936, both of which suggest an age of 66, but as to neither of which may it be determined that E. G. Koch then participated in the establishment of his age.

"Taking the evidence as a whole and assuming that E. G. Koch himself probably more definitely knew his age than anyone else who made statements which were the foundation for parts of the evidence in this case. . . ."

We have no difficulty in concluding that the defendant did not sustain the burden of proving its affirmative defense.

The judgment is affirmed.

APPROVED BY THE COURT.