No. 45,722

Rosa C. Koch, Administratrix of the Estate of E. G. Koch, Deceased, *Appellee*, v. The Prudential Insurance Company of America, a Corporation, *Appellant*.

(470 P. 2d 756)

filed June 13, 1970.

*J. L. Weigand, Jr.*, of the firm of Weigand, Curfman, Brainerd, Harris & Kaufman, of Wichita, argued the cause, and *Granville M. Bush*, of Lyons, was with him on the brief for appellant.

*Arthur C. Hodgson*, of Lyons, argued the cause, and *James G. Kahler*, of Lyons, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an order awarding the appellee-plaintiff an attorney's fee pursuant to K. S. A. 1968 Supp., 40-256. The district court found the appellant-defendant refused without just cause or excuse to pay the full amount of the plaintiff's loss under a group credit life insurance policy issued to J. I. Case Company. The policy insured eligible debtors in the amount of their debt on installment contracts due the Case Company.

The action on which the award was based was before this court in *Koch, Administratrix v. Prudential Ins. Co.*, 202 Kan. 229, 447 P. 2d 825, and that opinion is incorporated herein by reference. The judgment establishing liability of the defendant became final on January 6, 1969, when the mandate of this court was spread of record in the district court.

On January 9, 1969, the plaintiff made a written request for the allowance of an attorney's fee, which award was made by the district court on February 3, 1969. The record of the trial of this case on the merits contained the evidence upon which the district court awarded the attorney's fee, and consisted of pleadings, admissions, exhibits and a stipulation. No oral testimony was offered at the trial on December 8, 1966, or at the hearing on February 3, 1969.

In seeking reversal, the defendant contends there was a bona fide factual dispute as to the age of the insured to be resolved upon conflicting evidence, rendering recovery under the terms of the policy questionable. If the insured was 66 years of age at the time the insurance became effective, there was no coverage. The defendant's statement of insurance which was mailed to the insured reads:

"The insurance protection described in this statement of insurance does not apply to any indebtedness which originates on or after the debtor's attainment of age sixty-six."

Thus, the material issue of fact was whether the insured was born April 12, 1895, as contended by the defendant, or April 12, 1896, as contended by the plaintiff. As indicated, if the former, the policy afforded no coverage.

The issue on this appeal, unlike the former appeal, is not how old the insured was at the time the credit life insurance became effective, but whether there was a bona fide factual dispute as to his age. In other words, whether the defendant's withholding of payment was reasonable under the known facts and circumstances when the claim was denied, so that it may not be said it refused without just cause or excuse to pay under the terms of the policy.

The defendant was furnished with a proof of loss shortly after the insured died, with his death certificate attached. The proof of loss showed the insured was not eligible for participation under the group insurance policy because of his age, that is, that he was born April 12, 1895, making him 66 years of age on the date the insurance became effective. Investigation revealed additional corroborating information, including decedent's Army discharge record, and birth certificates of his son and his daughter. The defendant denied coverage on the basis of the proof of loss and the corroborating information. Thereafter, the policy holder, J. I. Case Company, filed a claim against the decedent's estate for the balance due on its installment note. Subsequently, the plaintiff commenced an action in the district court asserting coverage under the policy.

In preparation for trial, the defendant developed further evidence of lack of coverage, among which was a document characterized by both the district court and this court on the prior appeal as "the most probative evidence" of the decedent's age. That document was the marriage affidavit signed by the decedent under oath on November 14, 1921, before the probate judge of Rice County. The document, if believed, established the decedent was not eligible for insurance under the policy. In addition, Mrs. Koch, in a request for admission (K. S. A. 60-236), stated she believed her husband was 66 years of age at the time he purchased the tractor, but that she also knew the decedent believed himself to be 65 years of age at the time of said purchase.

The pertinent portion of K. S. A. 1968 Supp., 40-256 reads:

"That in all actions hereafter commenced, in which judgment is rendered against any insurance company . . . if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the

full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs . . ."

The plaintiff contends that where the evidence before the district court is conflicting on the controlling issue of fact, even though stipulated to by the parties, and the court renders judgment in favor of the insured and against the insurer on the merits of the litigation, the insured is entitled to recover an attorney's fee under the statute. The cases of *Frazier v. Royal Life & Cas. Ass'n*, 158 Kan. 533, 148 P. 2d 503, and *Akins v. Illinois Bankers Life Assurance Co.*, 166 Kan. 648, 203 P. 2d 180, are cited and relied upon where there was conflicting evidence with respect to the propriety of the insurance company's denial of liability. It was held that once liability under the policy was established, the allowance of an attorney's fee followed as a matter of course. The cases are not helpful to the plaintiff. They were decided prior to the statute's amendment in 1957. In *Parker v. Continental Casualty Co.*, 191 Kan. 674, 383 P. 2d 937, it was said the phrase "without just cause or excuse" was added to the section by amendment in 1957, and that the language was clear and unambiguous.

Generally speaking, it is a question for the district court as the trier of the facts to determine whether an insurance company has refused to pay the full amount of an insured's loss "without just cause or excuse" thereby subjecting itself to payment of an attorney's fee under K. S. A. 1968 Supp., 40-256. Where, however, the controlling facts are based upon pleadings, admissions, exhibits and stipulations, the district court does not have any peculiar opportunity to evaluate the credibility of witnesses, and in such a situation, this court on appellate review has as good an opportunity to examine and consider the evidence as did the court below, and determine *de novo* what the facts admitted in evidence establish. (*Koch, Administratrix v. Prudential Ins. Co.*, supra; *Wolf v. Mutual Benefit Health & Accident Association*, 188 Kan. 694, 366 P. 2d 219.)

It has been held that whether an attorney's fees are to be allowed depends upon the facts and circumstances of each particular case. (*Parker v. Continental Casualty Co.*, 191 Kan. 674, 383 P. 2d 937; *Sturdy v. Allied Mutual Ins. Co.*, 203 Kan. 783, 457 P. 2d 34.) Where the only issue between the parties is a factual dispute with respect to coverage under an insurance policy, and the insurer has

refused to pay the full amount of the insured's loss for such reason, we are of the opinion the phrase "without just cause or excuse" as used in K. S. A. 1968 Supp., 40-256, means a frivolous and unfounded denial of liability. However, if there is a bona fide and reasonable factual ground for contesting the insured's claim, there is no failure to pay "without just cause or excuse." And whether there was any reasonable ground for contesting the claim depends upon circumstances existing when payment is withheld or liability is declined. It is not necessarily determined by the outcome of the ensuing litigation. (*Wolf v. Mutual Benefit Health & Accident Association,* supra.) The statutory penalty is not to be imposed merely for the reason that it turned out at the trial in the district court, there was, in reality, no reason for denial of liability. The question is, how did the matter appear before the trial as judged by a reasonable and prudent man seeking to determine the facts of the controversy which it was his duty in good faith to investigate.

In the instant case, the proof of loss showed on its face lack of coverage on the critical issue of the insured's age. That fact alone would justify the defendant in good faith to rely upon the proof of loss and deny liability. Thereafter substantial evidence was discovered corroborating the defendant's contention of lack of coverage—the sworn statement of both the insured (the marriage license affidavit) and his spouse (her answer on request for admissions), the insured's Army discharge record, his death certificate, and the birth certificates of his children, all indicating he was too old to be covered by the policy.

Under the rule stated above, it is clear to us that reasonable men could not say the defendant's denial of liability was patently without any reasonable foundation. Based upon the proof of loss, the series of evidentiary facts disclosed, and the statement in our opinion in the prior appeal that the district court "properly found there was a justifiiable issue of fact as to whether Koch had attained the age of 66 on October 31, 1961," the date he purchased the tractor, we are of the opinion there existed reasonable conflict of facts which justified the denial of liability, and that the defense vigorously asserted thereafter of no coverage under the policy, was not an afterthought or a desperate last minute hope to avoid liability. We hold that reasonable minds could only conclude that, whether ultimately successful or not, the defense that the insured had no coverage under the policy was not frivolous, but had substantial support

in the facts then known to the defendant. There was no lack of just cause or excuse.

The district court erred in entering its order allowing the plaintiff an attorney's fee. That judgment, under the record before us, must be reversed.

It is so ordered.