No. 46,985

Francis E. Conwell and Dale W. Whitaker, d/b/a C & W Market, *Appellants*, v. Great Central Insurance Company, Peoria, Illinois, *Appellee*.

(519 P. 2d 681)

Opinion filed March 2, 1974.

*Kenneth F. Crockett*, of Hiatt and Spurgeon, Chartered, of Topeka, argued the cause, and *Eugene W. Hiatt*, of the same firm, was with him on the brief for the appellants.

*John E. Wilkinson*, of Colmery, McClure, Funk & Hannah, of Topeka, argued the cause, and *William R. Vincent*, of the same firm, was with him on the brief for the appellee.

*Per Curiam:* This action is to recover for a holdup burlary loss at a supermarket under a comprehensive crime protection policy for $15,000. Judgment was rendered for the plaintiffs for the full amount, but the trial court rejected the claim for attorney fees asserted under K. S. A. 40-256. The section permits the allowance of attorney fees, "including proceedings on appeal," if it appears from the evidence that the company refused to pay the loss "without just cause or excuse."

Plaintiffs-appellants appeal from the order denying the allowance of attorney fees.

The evidence shows that the appellants had two previous burglaries, without loss, and on November 13, 1969, a loss for armed robbery. Following the armed robbery loss, appellants' former insurer declined to renew coverage after the expiration of the policy then in effect.

In applying for a new policy with the appellee the local agent was apprised by the appellants of the armed robbery loss, but in making out the application, in the presence of one of the appellants, the agent omitted filling in the blanks calling for information with respect to prior losses.

The insurance application was signed by appellant Whitaker and countersigned by the agent. Pertinent questions in the application are as follows:

"8 (a) Assured has not sustained any loss or damage from any of the hazards for which coverage is requested at this or any other location during the last

five years except: (if any, give year of loss, kind of loss and amount, point of entry and how fortified since loss?

"(b) No company has cancelled or refused to issue a policy to cover any of the hazards for which coverage is requested during the last five years, except."

Failure to disclose the information called for by 8 (a), above quoted, provided the basis for appellee's defenses. The question is in fact a direct positive statement that there were no prior losses and did not call for anything to be written in unless there were losses to report. On its face, the application as to 8 (a) is a positive misrepresentation. Investigation by appellee, after the loss claim was received, revealed the fact of the prior burglaries and the robbery loss. The appellee refused to pay. After proof of loss and before suit was filed appellee obtained a written statement from the local agent, but, as the trial court found, it did not indicate that the agent had been apprised of such facts at the time the policy was written.

In its answer appellee pleaded misrepresentation by appellants, a logical defense as matters then stood. When the facts were known the company also submitted the defense of fraud and collusion betweeen the appellants and the local agent.

The case progressed and was handled with dispatch. No discovery was had and it appears that none was necessary. Factual questions existing when the action was filed were resolved at pretrial and the case was submitted on stipulated facts, but obvious questions of law remained. These questions were thoroughly briefed and in due course judgment was rendered in favor of plaintiffs.

The picture as presented in the trial court's memorandum opinion and the entire record, which we have carefully reviewed, lead to the conclusion, as we said in *Koch, Administratrix v. Prudential Ins. Co.,* 205 Kan. 561, 470 P. 2d 756:

". . . [T]hat reasonable men could not say the defendant's denial of liability was patently without any reasonable foundation. . . ." (p. 565.)

Accordingly we can see no basis for disturbing the trial court's finding that appellee's refusal to pay the claim was not without just cause or excuse.

The judgment is affirmed.