Lawrence B. COVILL and Jennie L. Covill, Plaintiffs,

v.

Kenneth N. PHILLIPS, Defendant,

State Farm Mutual Automobile Insurance Company, Garnishee.

Civ. A. No. 75–103–C2.

United States District Court, D. Kansas.

Aug. 23, 1978.

George W. Thomas, Kansas City, Kan.,
John C. Risjord of Niewald, Risjord & Wal-
deck, Kansas City, Mo., for plaintiffs.

Willard L. Phillips and John J. Jurcyk, Jr. of McAnany, Van Cleave & Phillips, Kansas City, Kan., Thomas E. Deacy, Jr., and Spencer J. Brown of Deacy & Deacy, Kansas City, Mo., for garnishee.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

The plaintiff's attorney in the instant garnishment action has filed a motion requesting that attorney's fees in the amount of $22,149.57 be taxed as costs in this action under the authority of K.S.A. § 40–256, which provides as follows:

"*Attorneys fees in actions on insurance policies; exception.* That in all actions hereafter commenced, in which judgment is rendered against any insurance company . . . on any policy or certificate of any type or kind of insurance, if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs . . . ."

The court has carefully considered the briefs and arguments of the parties and has concluded, in view of the governing law, that the motion for attorney's fees should be denied.

If this court were writing on a clean slate, extended discussion of the applicability of K.S.A. § 40–256 to garnishment proceedings in excess judgment cases would be warranted. The Kansas Supreme Court has never held that K.S.A. § 40–256 applies in the situation present here. It has apparently confined its application of the statute to cases in which (1) the insured has been forced to institute a direct action to compel enforcement of the contract of insurance; (2) the issue raised in such direct action is the insurer's liability *in accordance with the terms of the policy* ; and (3) the insurer's improper refusal to pay the claim *upon which the insured has been forced to sue* has provided the basis for the imposition of attorney's fees. The court's research discloses no Kansas cases in which K.S.A. § 40–256 has been applied to a garnishment proceeding in which the insurer's liability over and above the policy limits has been determined adversely to the insurer. It is doubtful whether the drafters of the statute envisioned its application in such circumstances, for the statutory language literally defies application to the facts now before the court. Nevertheless, the Tenth Circuit Court of Appeals has squarely held that K.S.A. § 40–256 "does not limit its applicability to direct actions by the insured against the insurance carrier but rather provides for recovery in *all* actions against the carrier in which there has been an unjustified refusal to pay under the policy." *Coleman v. Holecek,* 542 F.2d 532 (10th Cir. 1976). Accordingly, that question is not open for reconsideration by this court.

Notwithstanding the *Coleman* decision, however, the plaintiff is not entitled to prevail on his motion for attorneys fees. Whether attorney fees are to be allowed depends on the facts and circumstances of each particular case. *Van Hoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 549 P.2d 1354 (1976); *Forrester v. State Farm Mutual Automobile Ins. Co.,* 213 Kan. 442, 517 P.2d 173 (1973); *Sturdy v. Allied Mutual Ins. Co.,* 203 Kan. 783, 457 P.2d 34 (1969). It is a question for the district court as the trier of the facts to determine whether an insurance company has refused to pay the full amount of an insured's loss "without just cause or excuse," thereby subjecting itself to payment of an attorney's fee under K.S.A. § 40–256. *Koch, Administratrix v. Prudential Ins. Co.,* 205 Kan. 561, 470 P.2d 756 (1970). In this regard, it is the insurer's activity or lack thereof *prior to commencement of the action* which determines whether or not a refusal to pay is without just cause or excuse. *Sloan v. Employers Casualty Ins. Co.,* 214 Kan. 443, 521 P.2d 249 (1974). Whether there was any reasonable ground for contesting the claim depends upon circumstances existing when payment is withheld or liability is declined, and is not determined by the outcome of the ensuing

litigation. *Wolf v. Mutual Benefit Health & Accident Ass'n*, 188 Kan. 694, 366 P.2d 219 (1961).

 In this case, application of K.S.A. § 40–256 cannot be premised upon State Farm's wrongful failure to negotiate a settlement within the policy limits of the claims that were the subject matter of the principal action herein. First, the statute is literally inapplicable to the principal action, for State Farm was not a party thereto and no judgment was entered against it. Second, the statute speaks of an insurance company which has "refused" to pay and thus "surely contemplates a demand which has been denied" prior to commencement of the action in which the insurance company is sought to be held liable. *Sloan*, 214 Kan. at 444, 521 P.2d at 251. Here, the plaintiff filed suit against Kenneth Phillips on May 21, 1975, but made no demand for payment until *after* suit was filed, on June 2, 1975. The insured likewise did not demand settlement until June 10, 1975, after the commencement of suit against him. The court has previously held that State Farm was justified in refusing to accede to the plaintiff's June 2, 1975, demand for payment of the policy limits. Accordingly, nonpayment of this demand cannot be said to have been "without just cause or excuse," in the language of K.S.A. § 40–256. Further, while the Kansas Supreme Court suggested in *Sloan, supra*, that dilatory tactics in processing a duly presented claim might constitute a "refusal" to pay under K.S.A. § 40–256, it has never gone so far as to hold that failure to *initiate* settlement negotiations in the absence of any demand whatsoever constitutes a "refusal" to pay a "demand." The Kansas Supreme Court has held, in construing K.S.A. § 40–256, that the precipitous filing of suit, before an insurance company has had a reasonable opportunity to investigate and select its course, cannot form the basis of a claim for attorney's fees. *Sloan*, 214 Kan. at 444, 521 P.2d at 251. If ever a suit was "precipitously filed," it must be Larry Covill's case against Kenneth Phillips. Accordingly, the court finds that an award of attorney's fees cannot be premised upon State Farm's conduct in the principal action prior or subsequent to July 22, 1975.

 Assessment of attorney's fees under K.S.A. § 40–256 likewise cannot be predicated upon State Farm's refusal to pay its insured's March 10, 1976, demand for payment of the $75,000 excess judgment entered against him in the principal action. In adjudicating the excess judgment liability of State Farm, the court observed that the evidence raised close questions of fact and law, many of which had not been squarely addressed by the pertinent case law in the State of Kansas. In the court's view, State Farm had bona fide, reasonable grounds for contesting its liability in the circumstances. Reasonable men could not say that its denial of liability was frivolous or without any reasonable foundation. *E. g., Koch, supra; Conwell v. Great Central Ins. Co.*, 214 Kan. 41, 519 P.2d 681 (1974); *Steele v. General American Life Ins. Co.*, 217 Kan. 24, 535 P.2d 948 (1975). The presence of a good faith legal controversy, particularly if it involves a matter of first impression in the jurisdiction, may constitute just cause or excuse for a company's refusal to pay. *E. g., Van Hoozer v. Farmers Insurance Exchange, supra; Farm Bureau Mutual Ins. Co. v. Carr*, 215 Kan. 591, 528 P.2d 134 (1974); *Sturdy v. Allied Mutual Ins. Co., supra*. In the instant garnishment proceeding, State Farm had reasonable factual and legal grounds for denying liability for the excess judgment rendered against its insured, and the statutory penalty may not be imposed for the mere reason that it was ultimately held to be liable. *Koch*, 205 Kan. at 565, 470 P.2d at 760.

The court does not read *Coleman v. Holecek, supra* —which plaintiff claims is dispositive of his motion—as requiring an award of attorney's fees in the circumstances present here. In *Coleman*, the sole issue on appeal was whether the district court had erred in applying K.S.A. § 40–256 (from the state insurance code) to a garnishment proceeding governed by statutory provisions implying that attorney's fees were not to be awarded. The Tenth Circuit's holding in

*Coleman* was that "the specific provisions of 40–256 of the insurance code providing for the award of attorney's fees in cases such as this one take precedence over the more general provisions of the Code of Civil Procedure, including the garnishment statutes found therein." The Tenth Circuit's opinion does not discuss the factual basis on which the trial court found attorney's fees to be properly assessed under K.S.A. § 40–256. It is one thing to say, as *Coleman* does, that K.S.A. § 40–256 is not inapplicable to garnishment proceedings. It is quite another thing to say—as the plaintiff does but *Coleman* does not—that K.S.A. § 40–256 requires an award of attorney's fees in all excess judgment cases in which an insurance company is ultimately found to be liable. Accordingly, for this and the other reasons stated above, the court finds that the plaintiff's motion for attorney's fees should be overruled.

IT IS THEREFORE ORDERED that the plaintiff's motion to tax attorney's fees as costs pursuant to K.S.A. § 40–256 be and hereby is denied. Counsel for State Farm Mutual Automobile Insurance Company shall prepare, circulate, and forward for the court's approval and signature a Journal Entry of Judgment reflecting the holding of the foregoing Memorandum and Order.