**Jack D. DEWEY, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 79–2265.**

United States District Court, D. Kansas.

Jan. 18, 1982.

David P. Troup, Weary, Davis, Henry, Struebing & Troup, Junction City, Kan., for plaintiff.

Paul Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the Court upon defendant's motion to amend judgment and plaintiff's motion for attorney fees and costs. This case, tried to the Court on December 21 and 22, 1981, resulted in judgment for the plaintiff.

### I

The defendant moves the Court to amend judgment. Judgment in this case reflects the Court's finding that personal injury protection [hereinafter PIP] payments were overdue. The defendant states that PIP payments were not overdue, and that interest should not be assessed. Several Kansas cases are cited.

In *Coe v. Security National Ins. Co.*, 228 Kan. 624, 620 P.2d 1108 (1980), the Kansas Supreme Court stated that interest should not be assessed against an insurance company when there existed a good faith controversy about whether or not otherwise overdue payments should be paid. *Id.* at 630–31, 620 P.2d 1108.

Defendant characterizes the instant case as one of first impression in Kansas. In *Koch, Administratrix v. Prudential Ins. Co.*, 205 Kan. 561, 470 P.2d 756 (1970), the Kansas Supreme Court stated that the presence of a case of first impression may constitute an excuse for an insurer's refusal to pay on demand.

An insured whose PIP benefits are overdue is entitled to those benefits, plus interest. K.S.A. 40–3110. Such benefits are overdue if not paid within thirty (30) days after an insurer is furnished with written notice of the fact of a covered loss and of the amount of the same. *Id.* The evidence was that defendant, through Mr. Schamberger, its Casualty Unit Manager, on March 29, 1979, informed plaintiff that proof of covered loss and the amount of same must be proved by substantiating the value of plaintiff's services and proof of the expenses the partnership was required to incur to have those services performed.

By letter and affidavit received by defendant on or before August 22, 1979, plaintiff provided defendant with an estimate of the value of plaintiff's services, and evidence of sums totaling One Thousand Two Hundred Thirty-Six Dollars ($1,236) expended to have part of those services performed.

Defendant argues that a requirement that it at that point either pay, refuse to pay and point out reasons for the deficiency in proof, refuse to pay and conduct its own investigation into the value of plaintiff's services, or any requirement that it do something in response to receipt of information requested from an insured is a proposition of law so revolutionary that Allstate must be said to have remained in good faith in further refusing to pay plain-

tiff's PIP benefits, or take other action after August 22, 1979.

Had defendant at that point either paid or otherwise responded to plaintiff's proffer of proof of loss and amount, this case would be much more like *Coe v. Security National Ins. Co., supra,* wherein the insurer paid on time all sums about which there was no reasonable doubt. In the instant case, the insurer consistently refused to make any payments at all. Defendant refused to make a tender based on the figure of $1,236 provided by plaintiff on or before August 22, 1979. Internal memoranda in evidence reflect that this figure was viewed as a "quantum of evidence" of plaintiff's loss.

The defendant from this date on appeared to take the position suggested throughout the case by plaintiff's counsel:

"... We don't think plaintiff had a loss and it's up to you to prove to us that he did. We are not going to tell you what we want in the way of proof nor are we going to respond to or tell you what's wrong with whatever proof you provide. We also think the Insurance Department's wrong but we're not going to tell you why. We're also not going to tell you how we interpret the statute." Plaintiff's Memorandum in Opposition to Defendant's Motion to Amend Judgment, p. 2, filed November 23, 1981.

Furthermore, it is a misstatement to say that defendant was completely in the dark about the legal basis for its refusal to pay plaintiff's PIP benefits. The Office of the Kansas Commissioner of Insurance had given defendant its opinion on the question raised in this case. In the opinion of the Commissioner, plaintiff's PIP benefits should be determined based on what it would cost to hire someone to do the work plaintiff had performed before his injury, whether or not an expenditure had been made. Still, the defendant refused either to accept plaintiff's proof or to say what they would accept.

■ For purposes of awarding interest in a case against an insurance company, the question of the insurer's excuse for nonpayment is to be determined by the Court. Case law interpreting K.S.A. 40–256, the statute authorizing award of attorney fees against insurance companies, is relevant. *Hand v. State Farm Mutual Auto. Ins. Co.,* 2 Kan.App.2d 253, 261, 577 P.2d 1202, *rev. den.* 225 Kan. 844 (1978).

The Kansas Supreme Court has held that attorney's fees may be awarded in actions in which judgment is rendered against an insurance company on a policy of insurance if it appears that the insurer has refused without just cause or excuse to pay in accordance with the terms of the policy. *E.g., Wolf v. Mutual Benefit Health & Accident Assn.,* 188 Kan. 694, 366 P.2d 219 (1961); *Allen v. Hartford Fire Ins. Co.,* 187 Kan. 728, 359 P.2d 829 (1961); *Humfield v. Pyramid Life Ins. Co.,* 187 Kan. 231, 356 P.2d 668 (1960).

■ An insurer is not obligated to pay a claim while a *bona fide* question concerning liability exists. Nonetheless, an insurer cannot put the entire burden on the insured. The insurer cannot take the somewhat lofty position that all investigation, evaluation and determination of the claim is not its responsibility. The circumstances confronting the insurer when payment of loss is denied are to be judged as they appeared to a reasonable and prudent man seeking to determine the facts of the controversy which it was his duty to investigate in good faith. *Koch, Administratrix v. Prudential Ins. Co.,* 205 Kan. 561, 565, 470 P.2d 756 (1970). The insurer cannot sit on its hands and force the insured to make all the relevant factual determinations relative to liability or non-liability of its policy of insurance.

■ Distilled, the question is whether defendant's denial of payment, refusal to make its own investigation, or refusal to tell plaintiff what additional facts would be necessary, could be said by a reasonable, prudent man to be patently without any rational foundation after August 22, 1979. The single answer is that there was no rational basis for defendant's conduct after that date.

Cases have consistently held that attorney's fees may be awarded against an insurance company which did not investigate the facts before denying payments under an insurance policy. *E.g., Lord v. State Automobile & Casualty Underwriters,* 208 Kan. 227, 491 P.2d 917 (1971); *Brown v. Continental Casualty Co.,* 209 Kan. 632, 498 P.2d 26 (1972); *Matthews v. Travelers Ins. Co.,* 212 Kan. 292, 510 P.2d 1315 (1973).

Defendant simply cannot be heard to say in light of this case law that it had not slipped from good-faith denial to bad-faith denial when, after August 22, 1979, it continued to refuse even to inform plaintiff why his affidavit was inadequate, or what additional facts were required. The Court therefore declines to amend judgment in this case.

## II

Plaintiff has moved the Court for an order awarding attorney's fees and expenses and to tax the defendant the costs of the action.

■ An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for PIP benefits which are overdue if the Court finds the insurer unreasonably refused to pay the claim or unreasonably delayed payment. K.S.A. 40–3111(b). The Court finds that the defendant in this case unreasonably refused to pay plaintiff's claim or any part of it after August 22, 1979. These payments became overdue on September 21, 1979.

As plaintiff points out in his motion for costs and attorney's fees, K.S.A. 40–3111(b) is unclear as to whether attorney's fees are allowed for legal work done before a lawsuit is filed on behalf of a claimant. Equally unclear is whether or not attorney's fees may be awarded for work done prior to the time determined by the Court to be the date PIP benefits were overdue.

K.S.A. 40–3111(b) reads in pertinent part:

"An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal injury protection benefits *which are overdue . . . .*" (Emphasis added.)

Thus, it seems within the letter and spirit of the statute to award attorney fees only for the legal work done in this case while plaintiff's PIP benefits were overdue; that is, from September 21, 1979, to the present.

The Court finds that plaintiff is entitled to attorney's fees. The appropriate fee-setting criteria were set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), and adopted in this district by Judge Richard D. Rogers in *Fisher v. Anderson,* No. 78–4305 (D.Kan. May 24, 1979), and by Judge Frank G. Theis in *Pugh v. Farmers New World Life Ins. Co.,* No. 79–2321 (D.Kan. Feb. 6, 1981). This criteria will be addressed as relevant.

1. *Time and Labor Required.* Plaintiff's attorney states to the Court that he spent a total of seventy-three and one-half (73½) hours of work on this case after September 21, 1979. His records, filed with the motion, reveal that a great deal of this time was spent in the preparation of legal documents and writing letters to the defendant and to the Commissioner of Insurance. Because this case eventually required a trial lasting the better part of two days, the Court finds that seventy-three and one-half (73½) hours is well within the limits of reason, especially since those hours accrued over a period of twenty-five (25) months between the date plaintiff's PIP benefits became overdue and the trial date.

2. *The Novelty and Difficulty of the Questions Presented.* This case presented novel questions of law under the Kansas No-Fault Act, and in this sense required more time and effort on counsel's part than usual. On the other hand, the factual questions and the introduction of testimony and evidence were all relatively straightforward and simple.

3. *The Skill Required.* The trial of this case was not inordinantly difficult. Plaintiff's counsel obviously was well prepared and thus able to assist the Court in expeditiously resolving the case in a short period

of time. His trial brief was well written and helpful to the Court. The cross-examination of Mr. Schamberger required more than average skill, while the skill needed in the direct examination of plaintiff and his father was probably less than ordinarily needed. The Court concludes that this was a case requiring no more skill than ordinary.

4. *The Preclusion of Other Employment by the Attorney.* This element has not been called into play in this case, and the Court does not consider it relevant.

5. *The Customary Fee.* It is the practice in this district, when arriving at a "lodestar" figure, for the Court to apply an hourly fee, neither higher nor lower than is customary for the general run of cases in federal court in Kansas. *Pugh v. Farmers New World Ins. Co., supra.* Plaintiff feels that his attorney's time ought to be compensated at the rate of Seventy-Five Dollars ($75) per hour, which he points out is probably less than the rate charged the defendant by his counsel. The Court expresses no opinion on that question, but notes that Judge Theis applied an hourly rate of Sixty Dollars ($60) per hour in the *Pugh* case earlier this year. We find that this figure is a reasonable one to use in computing a "lodestar" figure in this insurance case, because it represents adequate compensation for counsel in this geographic area who undertake a case in federal court.

6. *Whether the Fee is Fixed or Contingent.* It would be helpful to the Court to be apprised of the contractual arrangement between counsel and client because the fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted employment in the case. This aspect of the question, however, has not been put before us, and we deem it not relevant in this case.

7. *Time Limitations Imposed by Client or Circumstances.* This element is not a factor in this case.

8. *Amount Involved and Results Obtained.* Plaintiff in this case was awarded Five Thousand Eight Hundred Fifty Dollars ($5,850), plus interest at the rate of eighteen percent (18%) per annum, from September 21, 1979. This is not an exceptionally large sum of money in a suit brought against an insurance company in federal court. The result in this case, however, involved a matter of public policy important to a large number of Kansas farmers and ranchers, as well as the insurance companies which serve them. Plaintiff's counsel achieved favorable results for his client in the face of determined opposition by defendant's capable and competent attorney. These factors justify the award of a substantial fee.

9. *Experience, Reputation and Ability of Counsel.* Plaintiff's counsel demonstrated professional competence in this case.

10. *The Undesireability of the Case.* This was not a case which would place counsel in a bad public light.

11. *Awards in Similar Cases.* There was no evidence of awards in similar cases included in plaintiff's brief in support of his motion for attorney's fees.

The Court therefore concludes that the Sixty Dollars ($60) per hour "lodestar" figure allowed results in a sum of Four Thousand Four Hundred Ten Dollars ($4,410). The Court finds this to be a reasonable attorney's fee. The Court declines to augment this fee, because the intangible factors which might give rise to an "enhancement factor" balance each other out in this case. The record reflects costs in this action incurred by plaintiff in the sum of Thirty-Eight Dollars ($38). Pursuant to Rule 54(d), these costs will also be assessed against defendant.

In addition to the foregoing, plaintiff prays the Court award an additional attorney fee of One Hundred Fifty Dollars ($150) for work done in opposing two post-trial motions filed by defendant. Inasmuch as no substantiation is offered for this figure, the Court finds that the sum of Sixty Dollars ($60) would be a reasonable sum under the circumstances.

**484**

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to amend judgment is hereby denied. Plaintiff is awarded the sum of Four Thousand Four Hundred Seventy Dollars ($4,470) as a reasonable attorney fee for advising and representing plaintiff in this action for PIP benefits which were overdue, this sum to be charged against the defendant in this action, in addition to the benefits already ordered paid with interest to the plaintiff. IT IS FURTHER ORDERED that Thirty-Eight Dollars ($38) be and hereby is awarded to plaintiff as costs to the prevailing party.