**Jack D. DEWEY, Plaintiff-Appellee, Cross-Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant-Appellant, Cross-Appellee.**

**Nos. 82–1231, 82–1274.**

United States Court of Appeals, Tenth Circuit.

July 31, 1984.

Paul Hasty, Jr. of Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for defendant-appellant Allstate Ins. Co.

David P. Troup of Weary, Davis, Henry, Struebing & Troup, Junction City, Kan., for plaintiff-appellee Jack D. Dewey.

Before McWILLIAMS and LOGAN, Circuit Judges, and CHILSON, District Judge.[*]

PER CURIAM.

Defendant Allstate Insurance Company appeals from a decision awarding plaintiff Jack Dewey $5,850 in disability benefits under the Kansas Automobile Reparations Act, Kan.Stat.Ann. § 40–3101 to 40–3121. The district court awarded plaintiff eighteen percent interest on the judgment from September 21, 1979. The background and relevant facts of this case are set out in *Dewey v. Allstate Insurance Co.*, 525 F.Supp. 857 (D.Kan.1981). Subsequently, the trial court filed an amended order, awarding plaintiff attorney's fees from September 21, 1979. In that order the trial court set out its reasons for the awards of attorney's fees and interest. 588 F.Supp. 479 (D.Kan.1982).

After examining the arguments in the appeal and cross-appeal, we affirm the judgment on the basis of the analysis set out in the trial court's two orders. However, for purposes of clarification we will address three minor issues raised on appeal.

I

Defendant complains because the district court awarded plaintiff $650, the maximum monthly disability benefits under the Act, even though the parties agreed that plaintiff was only partially disabled during the last three of those nine months. Plaintiff testified that during those last three months he was able to do two to three hours of work a day. At trial plaintiff's father stated that it would cost $1,500 a month to hire someone to replace plain-

---

[*] Honorable Hatfield Chilson, Senior United States District Judge for the District of Colorado, sitting by designation.

tiff. Previously, in an affidavit sent in response to a request by defendant, defendant's father stated, "The cheapest that I think it would have been possible to hire this kind of help would be $650.00 per month. If you could even find anyone in this country to do it." Pl.Ex. 18. Defendant offered no rebuttal evidence. The record therefore supports a finding that the value of plaintiff's lost services was at least $650 a month, even during the months when plaintiff could work several hours a day.

## II

■ On cross-appeal plaintiff argues that the trial court should have found that disability payments were overdue before September 21, 1979, for purposes of attorney's fees and interest. Disability payments under the Act become overdue thirty days after the insurer is furnished written notice of the fact and the amount of a covered loss. Kan.Stat.Ann. § 40–3110(b). The insurer must pay eighteen percent interest on overdue payments. *Id.* § 40–3110(b). Also, the insured is entitled to attorney's fees if the court finds that the insurer unreasonably refused to pay or unreasonably delayed in making proper payment. *Id.* § 40–3111(b). In its orders the trial court explained why the payments were overdue after September 21, 1979. The reasons it did not consider the payments were overdue before that date were implicit in that explanation.

On August 22, 1979, plaintiff furnished defendant with affidavits setting out the cost of replacement services and the value and nature of plaintiff's services. Before that date he had furnished defendant only with his gross earnings for previous years. There is no dispute that plaintiff's gross earnings in the cattle business bore no relationship to the value of his services. Therefore, before August 22, 1979, defendant had no reasonable basis for determining the amount of benefits due plaintiff. Thus, the trial court reasonably held that defendant's duty to pay plaintiff or at least to make clear the basis on which it would pay arose thirty days after August 22, 1979. *See DiBassie v. American Stan-*

*dard Ins. Co.,* 8 Kan.App.2d 515, 661 P.2d 812 (1983).

## III

■ Finally, plaintiff argues on cross-appeal that the trial court should have included certain expenses such as photocopying, postage, and mileage in its award of attorney's fees. Plaintiff itemized these expenses in its motion for attorney's fees, but the trial court did not mention incidental expenses in its order and memorandum regarding attorney's fees.

Plaintiff suggests that the trial court overlooked these incidental expenses. The trial court's long and detailed memorandum, however, undercuts that argument and suggests that the trial court reasonably determined that those incidental expenses should be absorbed in the hourly fee. *See Ramos v. Lamm,* 713 F.2d 546, 558–59 (10th Cir.1983).

AFFIRMED.