**CONTAINER SUPPLY COMPANY, A DIVISION OF HANLON CHEMICAL COMPANY, INC., Plaintiff,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant.**

**Civ. A. No. 88–2160.**

United States District Court, D. Kansas.

May 9, 1989.

J. Nick Badgerow and Edward C. Fensholt, Spencer, Fane, Britt & Browne, Overland Park, Kan., and Paul D. Cowling, Kansas City, Mo., for plaintiff.

Richard T. Merker, Wallace, Saunders, Austin, Brown and Enochs, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the parties' cross motions for summary judgment. Plaintiff brought this action, claiming that defendant breached a 1975 liability insurance contract by failing to defend it in a Texas lawsuit. Defendant contends it had no duty to defend plaintiff as it was not an insured under the insurance policy. The court has determined that there are no factual disputes and that summary judgment is an appropriate mechanism for resolving the parties' dispute. The legal issue presented by the parties' motions is a rather simple one: Does a corporation's liability insurance policy provide coverage for the corporation's wholly-owned division which has no separate legal status and which is not a separate corporate entity? Although the case law offers minimal guidance, the court concludes that the question presented must be answered affirmatively.

The liability policy in question provides that "[e]ach of the following is an *insured* under this insurance to the extent set forth below: ... if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated...." The parties agree that Hanlon Chemical Company, Inc. is the organization designated as the named insured.

In determining whether the named insured, Hanlon Chemical Company, Inc., includes the corporation's division, Container Supply Company, the court is guided by accepted principles of contract interpretation. "A policy of insurance, like any other contract, must be construed reasonably and fairly to ascertain and carry out the intention of the parties. A common-sense approach should be used, and generally the words employed in the policy are to be understood in their ordinary sense." *Wommack v. United States Fire Insurance Co.*, 323 F.Supp. 981, 985 (W.D.Ark. 1971); *see also*, 13 J. Appleman, *Insurance Law & Practice*, § 7486 (1976). Additionally, an insured will not be bound by unexpressed and unwritten assumptions of the insurer. *See, e.g., Triple-X Chemical Laboratories, Inc. v. Great American Insurance Co.*, 54 Ill.App.3d 676, 12 Ill.Dec. 447, 370 N.E.2d 70 (1977); Appleman, *supra*, § 7403 (1988 Supp.). Thus, if an insurer wants to limit its liability, "it should so state in clear and concise language in the policy or in the related papers involved." *Henry v. Johnson*, 191 Kan. 369, 376, 381 P.2d 538, 545 (1963).

Applying these principles to the case at hand, the court concludes that by designating Hanlon Chemical Company, Inc. as the named insured, the policy's coverage extends to Hanlon's wholly-owned division, Container Supply Company. First, a corporation is "a single entity in contemplation of law, and, although it may have many departments, or subdivisions, being a corporation, it is an indivisible unit." *Safeco Insurance Co. of America v. Franklin*, 185 F.Supp. 499, 501 (N.D.Cal.1960). Consequently, insurance applicable to the corporation as a whole naturally extends to an indivisible part of the whole. *See Martindale Lumber Co. v. Bituminous Casualty Corp.*, 625 F.2d 618, 620 n. 1 (5th Cir.1980) (Although named insured was an individual, because policy issued to individual d/b/a a partnership, court concluded that policy covered unnamed partner as well.) Such a conclusion is especially appropriate in the case at hand, because Container Supply Company is not a separate subdivision with its own separate legal identity, management or assets; rather, Container Supply Company is merely a name used for marketing the plastic containers produced by Hanlon Chemical Company, Inc. *See Imperial Casualty & Indemnity Co. v. High Concrete Structures, Inc.*, 858 F.2d 128,

132 (3d Cir.1988) (Insurer held obligated under insured's liability policy for activities conducted under fictitious name.) Notably, the plastic containers are manufactured on a machine owned by Hanlon and insured for property damage under Hanlon's name.

Furthermore, given that Container Supply has no separate identity and no assets, Hanlon undoubtedly would be ultimately liable for the business activities conducted under the Container Supply Company name. Although the parties did not argue this point, common sense dictates that the liability policy would extend to those activities for which Hanlon Chemical Company, Inc. would bear ultimate responsibility, whether those activities are conducted under its corporate name or under its Container Supply division name. *See Imperial Casualty*, 858 F.2d at 132; *Martindale Lumber*, 625 F.2d at 620 n. 1. Had defendant wanted to exclude liability for activities conducted by Hanlon's divisions, subsidiaries, or other related entities, it should have so stated in the policy. *See, e.g., Argonaut Southwest Insurance Co. v. American Home Assurance Co.*, 483 F.Supp. 724, 727–28 (N.D.Tex 1980) (Policy specifically excluded operations of a corporate division which was not a separate legal entity.).

We therefore conclude as a matter of law that a corporation's liability insurance policy provides coverage for its wholly-owned division where the division is not a separate legal entity and where the policy does not expressly exclude coverage for such division. Consequently, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied. By refusing to defend Container Supply Company in the Texas lawsuit, defendant breached its duty to defend as provided in the 1975 liability insurance policy issued to Hanlon Chemical Company, Inc.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied. Because the plaintiff has not specified the relief requested, the parties are directed to submit briefs on the issue of damages. Plaintiff should file its brief no later than May 19, 1989, and defendant should file its response no later than June 2, 1989.