**CONTAINER SUPPLY COMPANY, A DIVISION OF HANLON CHEMICAL COMPANY, INC., Plaintiff,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant.**

**Civ. A. No. 88–2160–O.**

United States District Court, D. Kansas.

June 28, 1989.

J. Nick Badgerow, Edward C. Fensholt, Spencer, Fane, Britt & Browne, Overland Park, Kan., Paul D. Cowling, Kansas City, Mo., for plaintiff.

Richard T. Merker, Wallace, Saunders, Austin Brown and Enochs, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

On May 9, 1989, 712 F.Supp. 871, the court issued a Memorandum and Order granting plaintiff's motion for summary judgment and directing the parties to file briefs concerning plaintiff's damages. Plaintiff requests $12,781.16 in damages, which sum represents the amount plaintiff expended in defending itself in a Texas lawsuit. Plaintiff additionally requests $14,292.46 pursuant to K.S.A. 40–256 for defendant's failure, without just cause or excuse, to defend it in the Texas lawsuit. The $14,292.46 represents expenses and fees plaintiff incurred in pursuing this action.

### Defense Costs in Texas Lawsuit

The court is unable to determine from plaintiff's submissions whether the costs and fees incurred in defending the Texas lawsuit were fair and reasonable. The service providers are often not specifically identified as attorneys, clerks, or paralegals; hourly breakdowns are not always provided; and plaintiff offers no indication of the reasonable hourly fees in Houston, Texas for the years 1983–86. Consequently, plaintiff will need to resubmit its costs and fees for the Texas lawsuit.

### K.S.A. 40–256

K.S.A. 40–256 provides in pertinent part: [I]n all actions ... in which judgment is rendered against any insurance company as defined in K.S.A. 40–201, ... if it appear from the evidence that such company ... has refused without just cause

or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs: *Provided, however,* That when a tender is made by such insurance company ... before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed.

The parties appear to be in agreement that the only issue presented for the court's consideration is whether the defendant, Fireman's Fund Insurance Company, refused to defend plaintiff without just cause or excuse.

The "without just cause or excuse" requirement of K.S.A. 40–256 has been thoroughly discussed in the case law. As this court has previously explained:

Whether attorney fees are to be allowed depends on the facts and circumstances of each particular case.... It is a question for the district court as the trier of the facts to determine whether an insurance company has refused to pay the full amount of an insured's loss "without just cause or excuse," thereby subjecting itself to payment of an attorney's fee under K.S.A. § 40–256.... In this regard, it is the insurer's activity or lack thereof *prior to commencement of the action* which determines whether or not a refusal to pay is without just cause or excuse.... Whether there was any reasonable ground for contesting the claim depends upon circumstances existing when payment is withheld or liability is declined, and is not determined by the outcome of the ensuing litigation.

*Covill v. Phillips,* 455 F.Supp. 485, 487 (D.Kan.1978) (citations omitted).

When there exists a bona fide dispute (*i.e.,* one with merit on both sides) regarding the insured's claim, refusal to pay is not considered to be "without just cause or excuse." *See, e.g., Brown v. Combined Insurance Co. of America,* 226 Kan. 223, 227, 597 P.2d 1080, 1084 (1979) (citing

**328**

*Koch, Administratrix v. Prudential Insurance Co.*, 205 Kan. 561, 470 P.2d 756 (1970)); *Lord v. States Automobile & Casualty Underwriters*, 208 Kan. 227, 234, 491 P.2d 917, 923 (1971); *Maryland Casualty Co. v. American Family Insurance Group*, 199 Kan. 373, 386, 429 P.2d 931, 941 (1967); *Salt City Business College, Inc. v. Ohio Casualty Insurance Co.*, 4 Kan.App.2d 77, 79, 602 P.2d 953, 956 (1979). However, if the insurance company's position is without sufficient merit, its refusal to pay would be without just cause or excuse. *See Dronge v. Monarch Insurance Co. of Ohio*, 511 F.Supp. 1, 11 (D.Kan. 1979); *Estate of Bingham v. Nationwide Life Insurance Co.*, 7 Kan.App.2d 72, 80, 638 P.2d 352, 358 (1981), *aff'd as modified*, 231 Kan. 389, 646 P.2d 1048 (1982).

For the reasons discussed in our Memorandum and Order dated May 9, 1989, the court finds that defendant's reasons for refusing to defend plaintiff in the Texas lawsuit were lacking in merit. Despite the dearth of case law concerning whether wholly-owned divisions of a corporation are insureds under the corporation's general liability policy, the facts known to defendant (*e.g.*, that Container Supply Company was a wholly-owned division of the named insured without separate legal or corporate status) and the common sense of corporate liability under the circumstances should have led defendant to the conclusion that it had a duty to defend plaintiff. Defendant's arguments to the contrary were not supported by common sense or the admittedly scarce law. Accordingly, defendant's refusal to defend plaintiff in the Texas lawsuit on the basis that plaintiff was not a specifically named insured on the corporation's general liability policy was without just cause or excuse.

As with the submissions regarding damages, plaintiff's submissions regarding the fees allowable under K.S.A. 40–256 do not give the court an adequate basis from which to determine their reasonableness and fairness. Fees are not broken down by the person providing the described service, nor is there any indication of the time expended for the described services. Addi-

tionally, the court believes the requested fees may be somewhat excessive.

In order to (hopefully) expedite the resolution of these matters, the court directs the parties to attempt to reach an agreement regarding the amount of damages and the amount of attorney's fees due plaintiff under K.S.A. 40–256. D.Kan.Rule 220. If the parties cannot reach an agreement after exhausting all efforts to do so, the court will consider the issues anew.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees pursuant to K.S.A. 40–256 is granted.

IT IS FURTHER ORDERED that the parties are directed to proceed under local rule 220. If the parties are unable to reach an agreement as to the amount of damages and as to the amount of attorney's fees pursuant to K.S.A. 40–256, the plaintiff is directed to resubmit affidavits detailing the costs and fees incurred in defending the Texas lawsuit and in pursuing this action.