**GLICKMAN, INC., Plaintiff,**

v.

**The HOME INSURANCE COMPANY, Defendant.**

No. 93–1421–PFK.

United States District Court, D. Kansas.

May 12, 1995.

Jeff Kennedy and Michael G. Jones, of Martin, Pringle, Oliver, Wallace & Swartz, Wichita, KS, Keith Casto and Mr. Charles Miller, of Pettit & Martin, San Francisco, CA, for plaintiff.

Joseph W. Kennedy, of Morris, Laing, Evans, Brock & Kennedy, Wichita, KS, Alan K. Goldstein and Mr. Douglas E. Gossow, of Goldstein and Price, L.C., St. Louis, MO, for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

The present action was commenced by the plaintiff, Glickman, Inc., to compel its insurer, The Home Insurance Company, to provide coverage and a defense to pollution-related claims advanced against Glickman in *Barton Solvents, Inc. v. Southwest Petro-Chem, Inc.,* No. 91–2382–GTV (D.Kan. Nov. 3, 1994). In response to Glickman's claim, Home had originally reserved its rights on the grounds that there was an absence of documentary support to show the existence and nature of the policies in effect, and that the claim in *Barton Solvents* was for response costs rather than damages, while Home's policy obligated it to provide coverage only for all sums which the insured shall become legally obligated to pay as damages. Home also indicated that it would discuss with Glickman and other insurers "Home's participation in Glickman's defense of this claim."

Glickman's complaint, filed on September 14, 1993, seeks both coverage for defense costs and indemnification for liability arising from *Barton Solvents,* and all attorney fees arising from the present action pursuant to K.S.A. 40–256. On June 28, 1994, after reviewing the briefs and hearing oral arguments by the parties, the court ruled that Home was obligated to defend Glickman in *Barton Solvents.* Following the court's order, Home has reimbursed Glickman for all of its defense expenses, totaling some $85,-000.00, in that litigation. In addition, after counsel for Glickman informed Home in July, 1994 of the potential for a settlement in *Barton Solvents,* Home authorized $50,000.00 to settle the claims advanced in that case. The claim against Glickman was settled on September 22, 1994 by Home's payment of $45,000.00.

The main issue remaining is Home's liability for attorney fees in the present action. Glickman asserts that during the course of this action it has incurred attorney fees of $100,000.00 to $200,000.00. Home has filed a motion for partial summary judgment on the issue of its liability for attorney fees.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital,* 854 F.2d 365, 367 (10th Cir.1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.,* 754 F.2d 884, 885 (10th Cir.1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.,* 812 F.2d 1319, 1323 (10th Cir.1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

K.S.A. 40–256 provides that attorney fees may be awarded against an insurer who has "refused without just cause or excuse" to honor a claim advanced by an insured. This provision has been interpreted by the Kansas Supreme Court as authorizing the award of attorney fees in cases of "frivolous and unfounded denial of liability." *Koch v. Prudential Ins.,* 205 Kan. 561, 565, 470 P.2d 756 (1970). The existence of a good faith legal controversy has been held to constitute just cause or excuse for an insurer's denial of coverage. *Farm Bureau Mut. Ins. Co. v. Carr,* 215 Kan. 591, 599, 528 P.2d 134 (1974). Thus, in *Forrester v. State Farm Mut. Automobile Ins.,* 213 Kan. 442, 452, 517 P.2d 173 (1973), the court held that an award of attorney fees was not compelled under § 40–256 where there existed a division of authority on validity of the legal defense asserted by the insurer.

The court finds that an award of attorney fees in the present case cannot be justified under K.S.A. 40–256. As the court noted in its previous order, in reference to the controlling question of whether response costs could be considered damages for purposes of insurance coverage, "there is an extensive line of authority supporting both positions." (June 29, 1994 Order, p. 7). At the time, there were no relevant Kansas appellate court decisions; two decisions in the Kansas federal court had reached opposing conclusions. Indeed, as Glickman, in its separate motion to compel discovery has admitted, Home's position was "arguable given the split amongst the circuits on that issue." (Pltf.'s Memo. in Supp. of Motion to Compel, at 5.) In the present case, the validity of Home's response costs defense was not clearly determined until the court's ruling on June 29, 1994.

The main thrust of Glickman's argument in opposition to Home's motion is directed at the need for additional discovery. Glickman contends that additional discovery is needed for a variety of purposes, including that of Home's general patterns and practices involving customer claims. Glickman asserts that Home's denial of coverage may have been based upon other, alternative rationales beyond its defense that response

costs were not "damages" within the meaning of the policy.

The court finds that additional discovery is neither required nor beneficial. The court finds explicitly that Home's response costs defense was not frivolous or unjustified. Whether additional considerations or potential defenses may have been contemplated by Home is therefore irrelevant. There is no basis in the evidentiary materials before the court to say that Home's response costs defense did not play a consistent role in the company's decisions relating to Glickman's claim.

The only piece of evidence cited by Glickman is an August 3, 1993 letter from Home, which Glickman asserts demonstrates that the company was premising its denial of coverage upon an improper condition of identifying Glickman's subsequent insurers. In fact, the letter merely states: "we again make the *request* that you identify all subsequent carriers and notify them of this loss." (Pltf.'s Memo. in Opp. to Mtn. for Partial Summ. Judg., p. 9; emphasis added.) Glickman has failed to present the slightest evidence suggesting that Home's response costs defense was not advanced in good faith, or a rationale which might justify the maintenance of additional discovery into Home's practices and procedures.

IT IS ACCORDINGLY ORDERED this 12th day of May, 1995, that defendant Home Insurance Company's motion for partial summary judgment (Dkt. No. 47) is hereby granted. Plaintiff Glickman's motion to compel (Dkt. No. 45) is hereby denied.