PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 6/17/96**

TENTH CIRCUIT

GLICKMAN, INC.,

    Plaintiff - Appellant,

v.

THE HOME INSURANCE COMPANY,

    Defendant - Appellee,

-------------------------------------------

KANSAS INSURANCE DEPARTMENT,

    Amicus Curiae.

No. 95-3221

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 93-CV-1421)**

Jerold Oshinsky, Anderson, Kill, Olick & Oshinsky, Washington, D.C. (Robert L. Carter, Anderson, Kill, Olick & Oshinsky, Washington, D.C.; and Jeff Kennedy and Michael G. Jones, Martin, Pringle, Oliver, Wallace & Swartz, L.L.P., Wichita, Kansas, with him on the briefs), for Plaintiff-Appellant.

Alan K. Goldstein, Goldstein and Price, L.C., St. Louis, Missouri (Douglas E. Gossow, Goldstein and Price, L.C., St. Louis, Missouri; and Joseph W. Kennedy, Morris, Laing, Evans, Brock & Kennedy, Wichita, Kansas, with him on the brief), for Defendant-Appellee.

Brian J. Moline, General Counsel, Special Assistant Attorney General, and Kathleen Sebelius, Commissioner of Insurance, Kansas Insurance Department, Topeka, Kansas, filed an amicus curiae brief for the Kansas Insurance Department.

Before **PORFILIO, ANDERSON,** and **TACHA,** Circuit Judges.

**ANDERSON,** Circuit Judge.

Glickman, Inc. appeals from a denial of attorney's fees under Kan. Stat. Ann. § 40-256, in this insurance coverage diversity case. This appeal calls upon us to interpret § 256. That statute punishes insurance companies that refuse, without just cause or excuse, to pay the full amount of an insured loss, by requiring them to pay the plaintiff's attorney's fees incurred in a coverage action against the insurer. As pertinent, § 256 provides:

> **Attorney fees in actions on insurance polies; exception.** That in all actions hereafter commenced, in which judgment is rendered against any insurance company . . . if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as part of the costs. . . .

(Emphasis added). The parties agree that this statute, which refers only to refusals to pay, has been judicially extended to cover refusals to defend. We, therefore, do not address that proposition. The central question before us is whether the statutory qualifier "without just cause or excuse" embodies one legal standard for refusals to indemnify and a stricter standard for refusals to defend. The appellant, Glickman, Inc., and the Kansas Insurance Department, as amicus curiae, contend that if there is a mere possibility of

- 2 -

coverage, there is no just cause or excuse for failing to defend, while the existence of a bona fide dispute over coverage constitutes just cause or excuse for failing to indemnify. We hold that the plain language of the statute does not support different tests for refusals to defend and refusals to indemnify, nor does it support the proposition -- however desirable -- that "just cause or excuse" for refusing to defend exists only when there is no possibility of coverage. The plain wording of the statute does not translate refusal "without just cause or excuse to pay the full amount of . . . loss" into refusal to defend where there is a possibility of coverage. To hold otherwise would be a judicial amendment, not an interpretation, of this state statute. Contrary to the appellant's argument, no Kansas appellate court has held otherwise in a case constituting binding precedent. Accordingly, the district court did not apply an improper standard in determining that Glickman is not entitled to attorney's fees pursuant to § 256.

As for the numerous other assignments of error raised by Glickman, we conclude that the district court did not err, either in procedure or substance, in granting summary judgment denying Glickman an award of attorney's fees against the defendant, The Home Insurance Company. Therefore, we affirm the judgment of the district court.

**BACKGROUND**

The chronology leading to this lawsuit is not disputed, although the parties characterize the facts differently. In August 1992, Glickman was named as a third party

- 3 -

defendant in an environmental response costs action, Barton Solvents, Inc. v. Southwest Petro-Chem, Inc., No. 91-2382-V (D. Kan.) ("Barton Solvents" action), brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601-9675 ("CERCLA").  More than five months later, on January 28, 1993, Glickman's attorneys wrote Glickman's insurance agent, William H. Cohen of Insurance Management Associates in Wichita, Kansas, asking him to "review insurance policies that may have been in effect" in 1971 and "several years thereafter" and "determine whether the insurers may be obligated to assist our client in the defense of this matter." Appellant's App., Tab 22, at 239-40.  The letter then stated that it should be regarded as a claim.

Insurance Management Associates responded that it did not have copies of any such policy or policies, and forwarded the inquiry to the defendant/appellee in this case, The Home Insurance Company.  Home responded to Glickman's counsel on February 12, 1993, with a three-page letter.  The letter, among other things, asked questions relating to the merits of the Barton Solvents action, and asked for copies of the twenty-year-old policies, the existence or terms of which had not been verified.  Glickman's counsel responded promptly, demanding a defense, among other things, and advising Home that Glickman had no copies of insurance policies because of a fire.  Home did not reply for more than five months, during which time Glickman's counsel repeatedly demanded Home's attention to the matter and threatened suit, including a claim for bad faith.

On July 23, 1993, Home wrote a five-page letter to Glickman's counsel still questioning the existence of all but one policy of insurance. As to that policy, Home set out the terms of coverage, stating, among other things, that remediation costs are not covered damages under the policy. The letter also raised a variety of other potential defenses, but closed by saying that Home was willing to discuss with Glickman, and all other potential carriers, Glickman's defense in the Barton Solvents action.

Home wrote again on August 3, 1993, supplying a copy of the one policy it had found, again asking for information regarding other potential carriers, and again stating that when it had the necessary information, it would be in a position to discuss a possible defense. Glickman's counsel wrote back on August 23 and August 31, 1993, furnishing information and threatening suit if Home did not pay prior litigation expenses and undertake Glickman's defense from that time forward. Home did not respond, and on September 14, 1993, Glickman filed this action against Home seeking a declaratory judgment that Home was liable for Glickman's defense costs and any damages assessed against it in the Barton Solvents action. It also sought a judgment for costs and attorney's fees in this action pursuant to § 256.

In the district court, Home contested coverage, among other things, on the ground that environmental response costs are not damages within the terms of the policy. Ultimately this defense proved unsuccessful.

On June 28, 1994, the district court granted Glickman's motion for partial summary judgment, ruling that response costs are damages within the meaning of a liability policy and that Home was obligated to defend Glickman in the Barton Solvents action and reimburse it for defense costs already incurred. Home did so, paying $85,000 for Glickman's legal expenses incurred in the Barton Solvents action. Subsequently, Home paid $45,000 to settle claims against Glickman in that action.

On March 31, 1995, Home moved for summary judgment on Glickman's claim under § 256 that Home must pay Glickman's attorney's fees in this case as a penalty for refusing a defense in the Barton Solvents action. The district court granted Home's motion, ruling that Glickman was not entitled to fees under § 256. It stated, in part:

> The court finds that an award of attorney fees in the present case cannot be justified under K.S.A. 40-256. As the court noted in its previous order, in reference to the controlling question of whether response costs could be considered damages for purposes of insurance coverage, "there is an extensive line of authority supporting both positions." (June 29, 1994 Order, p. 7.) At the time, there were no relevant Kansas appellate court decisions; two decisions in the Kansas federal court had reached opposing conclusions. Indeed, as Glickman, in its separate motion to compel discovery has admitted, Home's position was "arguable given the split amongst the circuits on that issue." (Pltf.'s Memo. in Supp. of Motion to Compel, at 5.) In the present case, the validity of Home's response costs defense was not clearly determined until the court's ruling on June 29, 1994.
>
> The main thrust of Glickman's argument in opposition to Home's motion is directed at the need for additional discovery. Glickman contends that additional discovery is needed for a variety of purposes, including that of Home's general patterns and practices involving customer claims. Glickman asserts that Home's denial of coverage may have been based

upon other, alternative rationales beyond its defense that response costs were not "damages" within the meaning of the policy.

The court finds that additional discovery is neither required nor beneficial. The court finds explicitly that Home's response costs defense was not frivolous or unjustified. Whether additional considerations or potential defenses may have been contemplated by Home is therefore irrelevant. There is no basis in the evidentiary materials before the court to say that Home's response costs defense did not play a consistent role in the company's decisions relating to Glickman's claim.

(Appellant's App., Tab 16, at. 213-14). Glickman moved for reconsideration and that was denied.

On appeal, Glickman presents a barrage of arguments and subarguments as to why the district court erred, including reliance on incorrect legal standards and the existence of genuine issues of material facts on critical points, outlined below. It contends that Home's denial of coverage was without just cause or excuse because the defense that response costs are not damages under the policy was an afterthought, unsupported by case law nationally, inconsistent with Home's publicly announced position, and because Home failed to investigate the allegations in the Barton Solvents action. With respect to Home's alleged refusal to defend, Glickman argues, as indicated above, that refusals to defend where there is any possibility of coverage constitute refusals without just cause or excuse under § 256 and that the district court erred as a matter of law in failing to apply this standard.

Glickman further contends that public policy considerations dictate reversal of the district court's judgment. And, finally, Glickman contends that the district court abused its discretion by cutting off discovery by Glickman.

The standard for applying § 256 to refusals to defend is the most prominent legal point in this appeal, and the single issue addressed by amicus curiae, the Kansas Insurance Department. Accordingly, we turn to it first, applying to that and other issues the usual de novo standard for reviewing a summary judgment, Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995), and the standard applicable to a court sitting in diversity. See Koch v. Shell Oil Co., 52 F.3d 878, 880 (10th Cir. 1995).

**DISCUSSION**

A.    Refusal to Defend.

Section 256 is a punitive measure that requires insurance companies to pay the plaintiff's attorneys fees incurred in an action on an insurance policy, if the evidence shows that the insurance company "has refused without just cause or excuse to pay the full amount of [the insured] loss." In full, the statute provides:

> **40-256. Attorney fees in actions on insurance policies; exception.**
> That in all actions hereafter commenced, in which judgment is rendered against any insurance company as defined in K.S.A. 40-201, and including in addition thereto any fraternal benefit society and any reciprocal or interinsurance exchange on any policy or certificate of any type or kind of insurance, if it appear from the evidence that such company, society or exchange has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a

reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs: <u>Provided</u>, <u>however</u>, That when a tender is made by such insurance company, society or exchange before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed.

Glickman and the Kansas Insurance Department contend that the statute applies differently to refusals to pay and refusals to defend. They assert that there is just cause or excuse for a refusal to pay if a bona fide dispute over policy coverage exists; but, there can be no just cause or excuse for refusing to defend an insured if there is any possibility of coverage, however remote. <u>See</u> Glickman's Mem. in Supp. of Mo. to Reconsider, Appellant's App., Tab 18, at 220-21; Appellant's Br. at 18-20; Appellant's Reply Br. at 6, 11-13.

The idea is that § 256 should force insurance companies to defend virtually every case, even when the possibility of coverage is remote, while allowing them some leeway to argue about coverage. This interpretation is justified by sound public policy, according to Glickman and amicus, because it prevents insurance companies from sitting back and forcing "the prohibitive cost of defending . . . claims" upon insureds, Amicus Curiae Br. at 2; and, it avoids a chilling effect upon consumers forced to sue insurance companies to establish rights to defense and coverage. <u>Id.</u> The interpretation is also compelled, they contend, by existing case law.

On the latter point, Glickman and amicus first recite settled insurance contract law in this circuit and Kansas to the effect that an insurer's duty to defend is broader than its

duty to indemnify, and the duty to defend is triggered when there is a potential of liability. Bankwest v. Fidelity & Deposit Co., 63 F.3d 974, 981 (10th Cir. 1995); Western Heritage Ins. Co. v. Chava Trucking, Inc., 991 F.2d 651, 656 (10th Cir. 1993); American Motorists Ins. Co. v. General Host Corp., 946 F.2d 1489, 1490 (10th Cir. 1991); Hocker v. New Hampshire Ins. Co., 922 F.2d 1476, 1484 (10th Cir. 1991); Spivey v. Safeco Ins. Co., 855 P.2d 182, 188 (Kan. 1993); MGM, Inc. v. Liberty Mut. Ins. Co., 855 P.2d 77, 79 (Kan. 1993); Spruill Motors, Inc. v. Universal Underwriters Ins. Co., 512 P.2d 403, 407 (Kan. 1973).

However, we are dealing here with a statute, not contract law. As the Kansas Insurance Department acknowledges, after reciting to the contract rule, the issue still remains: "whether K.S.A. 40-256 applies to an insurer's duty to defend and, if so, whether [Home] failed to defend [Glickman] without just cause or excuse." Amicus Curiae Br. at 5. On the specific issue of whether the penalty under § 256 applies to a refusal to defend where the mere possibility of coverage exists, Glickman cites the following Kansas state cases: Missouri Medical Ins. Co. v. Wong, 676 P.2d 113, 123 (Kan. 1984); Upland Mut. Ins. v. Noel, 519 P.2d 737, 742-43 (Kan. 1974); and Bowlus School Supply v. Swartz, 1988 Kan. App. LEXIS 816, at *6-7 (Kan. Ct. App. Dec. 2,

1988) (not designated for publication).[1]  The Kansas Insurance Department, cites only the unpublished decision of the Kansas Court of Appeals in Bowlus.

None of these cases hold that an insurance company is liable for attorney's fees under § 256 if it refuses to defend when there is a possibility of coverage.  In fact, each of the cases is decided on whether or not a bona fide dispute existed over coverage.  References to duty to defend are both dicta and ultimately melded into the coverage question.

In Missouri Medical Ins. Co. v. Wong, the Kansas Supreme Court combined a requirement of coverage with a duty to defend, as did the court in Noel, upon which the court relied in Wong.  Wong, 676 P.2d at 122-23.  Indeed, one commentator questioned whether Wong even stands for the proposition that a duty to defend is within the meaning of § 256 at all.  Robert H. Jerry II, New Developments in Kansas Insurance Law, 37 U. Kan. L. Rev. 841, 846 (1989) ("[T]he decision provides some support for allowing the insured to recover as damages the attorney's fees incurred in bringing the action against the insurer for breach of the duty to defend.  Such a result, however, gives section 40-256 a broader construction than its plain language seems to allow.")

---

[1]Glickman also cites a federal district court case for its proposition, Container Supply Co. v. Fireman's Fund Ins. Co., 715 F. Supp. 326, 327-28 (D. Kan. 1989).  That case does not support Glickman's argument either.  It recognized that "[w]hen there exists a bona fide dispute regarding the insured's claim, refusal to pay is not without just cause or excuse," and awarded attorneys' fees only because it found the insurance company's refusal to defend was not supported by common sense.  Id. at 327.

In Bowlus, the Kansas Court of Appeals reviewed findings which intermingled the insurer's duty to defend with the question of coverage, noting that no defense of the insured was undertaken until long after the court ruled that there was coverage. The court then concluded its opinion with reasoning based on standards relating to coverage cases, i.e., whether a good faith controversy existed, and held only that the trial court had not abused its discretion in awarding attorney fees under § 256. The trial court's decision to award fees was described as follows: "The court ultimately found that Allied had been without just cause or excuse in denying the claim and denying representation and awarded Swartz attorney fees." Bowlus, 1988 Kan. App. LEXIS 816, at *3 (emphasis added).

In short, no Kansas state authority stands for the proposition advanced by Glickman. Thus, contrary to assertions by the Kansas Insurance Department, consistent application of Kansas law is scarcely placed in jeopardy by the standard employed by the district court in this case. It should go without saying that the public policy arguments of Glickman and amicus, outlined above, should be addressed to the Kansas Legislature. We are confined to the plain words of the statute.

We conclude that under the plain language of § 256 there is no separate and stricter standard for refusals to defend, and the district court did not err in refusing to apply such a standard. Rather, in determining the existence of "just cause or excuse," the standards for refusals to pay apply. We turn to that issue next.

B.    Just Cause or Excuse under the Bona Fide Controversy Standard.

There can be no dispute that under Kansas law the accepted test for determining the existence of "just cause or excuse" for purposes of § 256 is whether the insurance company's refusal is based on a bona fide controversy over policy coverage. See Allied Mut. Ins. Co. v. Gordon, 811 P.2d 1112, 1125 (Kan. 1991); Crawford v. Prudential Ins. Co. of America, 783 P.2d 900, 909 (Kan. 1989) (citing Forrester v. State Farm Mut. Auto Ins. Co., 517 P.2d 173 (Kan. 1974), modified on other grounds on reh'g., 518 P.2d 548 (Kan. 1974)); Clark Equip. Co. v. Hartford Acc. & Indem. Co., 608 P.2d 903, 907 (Kan. 1980). Bona fide controversy has been further defined to mean a position which is not frivolous or patently without reasonable foundation. Clark, 608 P.2d at 907. See Brown v. Combined Ins. Co. of America, 597 P.2d 1080, 1084 (Kan. 1979).

The district court found that a bona fide controversy existed between Home and Glickman as to whether or not response costs under CERCLA are damages within the meaning of the standard policy issued by Home. Glickman has admitted that Home's position was arguable "given the split amongst the circuits on that issue." Mem. in Supp. of Pl.'s Mo. to Compel, Appellant's App., Tab 11, p. 129. The Kansas Insurance Department concedes the point as well: "The District Court correctly identified a division of authority on the validity of the legal defense asserted by [Home], thereby arguably making [Home's] refusal to indemnify a good faith denial." Amicus Curiae Br. at 1.

These concessions are essentially foregone conclusions considering the undoubted seriousness and nationwide scope of the controversy over insurers' liability for claims under CERCLA. The long list of cases on the subject cited by both parties attests to the pervasiveness and longevity of the dispute. Thus, while each case under § 256 must be decided on its own facts, it is futile to assert that Home was disconnected from one of the industry's greatest preoccupations and not prepared to dispute coverage for Glickman's response costs. In fact, it raised that defense in its July 23, 1993, reservation of rights letter -- predictably along with every other defense it could think of.

It was legitimately entitled to raise the defense. While Glickman strenuously argues the weight of the law elsewhere, it acknowledges that the Kansas Supreme Court had not as yet decided whether, under Kansas insurance contract law, response costs would be considered as damages under a standard liability policy. And, contrary to Glickman's argument, the dispute was alive and ongoing nationally, albeit not with overwhelming success. Home had every right to test the law in Kansas on this important subject and would not be estopped from doing so by its positions in other jurisdictions.

We have considered and find unpersuasive all of Glickman's arguments, including those related to discovery. The district court's findings and reasoning in its May 12, 1995, Memorandum and Order, in part set out above, are not in error, and neither is its decision to deny fees.

**CONCLUSION**

For the reasons stated above, the judgment of the district court is AFFIRMED.

Glickman's Motion to Supplement the record is DENIED.