Donna M. DAVIS, Plaintiff,

v.

**PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Defendant.**

Civil Action No. 95–4190–DES.

United States District Court, D. Kansas.

Oct. 29, 1997.

Edward G. Collister, Jr., Collister & Kampschroeder, Lawrence, KS, Gordon M. Penny, Lawrence, KS, for Donna Davis.

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Prudential Property and Cas. Ins. Co.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on plaintiff's Motion for Attorney's Fees (Doc. 35).

## I. BACKGROUND

Donna Davis, formerly known as Donna Warren, was injured in an automobile collision on August 3, 1990. Robert Bryant drove the vehicle that collided with Ms. Davis's vehicle. Mr. Bryant was insured, but with minimum coverage. Ms. Davis was insured by Prudential Property & Casualty Insurance Company ("Prudential"). Prudential paid $11,947.17 in personal injury protection ("PIP") benefits to Ms. Davis as a result of the accident.

On July 21, 1992, Ms. Davis filed a petition in the District Court of Douglas County, Kansas, against Mr. Bryant alleging that as a result of Mr. Bryant's negligence, she was injured in an automobile collision. The case was assigned to Judge Michael J. Malone. Shortly after filing suit, Ms. Davis's attorney provided notice of the suit and a copy of the Petition to Prudential. On July 31, 1993, Prudential filed a subrogation lien in the tort action between Davis and Bryant and informed Ms. Davis's counsel that there was no need for Prudential to intervene in the lawsuit.

Following discovery and settlement negotiations, Davis and Bryant reached a tentative settlement agreement in the spring of 1993. On May 21, 1993, counsel for Ms. Davis mailed a certified letter to Dan Berg, a representative of Prudential, with whom Ms. Davis's counsel had earlier corresponded. The certified mail return receipt indicates the letter was received May 24, 1993. The letter advised Prudential of the terms of the tentative settlement agreement, to-wit: that Mr. Bryant would confess judgment in the amount of $120,000 and his insurance carrier would pay into court its policy limits of $25,-000. The letter also invited Prudential to respond, pursuant to Kan. Stat. Ann. § 40-484(f), at its option. On May 26, 1993, a copy of the same letter was mailed to Michael Schenk, the attorney who had filed the PIP subrogation lien earlier in the litigation.

Attorneys for Davis and Bryant prepared a proposed order incorporating the settlement agreement and sent it to Judge Malone pending a hearing on outstanding motions. Judge Malone mistakenly signed the order and filed it May 27, 1993. However, none of the parties were aware of this premature filing until on or after August 25, 1993.

On June 17, 1993, Judge Malone held a conference call between counsel for Ms. Davis, counsel for Mr. Bryant, and Kevin Bennett, counsel for Prudential. The result of the call was that matters set on June 17, 1993, were continued for hearing until August 25, 1993. On June 18, 1993, counsel for Mr. Bryant and Prudential were notified that Ms. Davis's motion to approve the settlement and confession of judgment, and motion to

pay $25,000 settlement proceeds to Davis (asserting settlement proceeds were not duplicative of PIP payments) would also be heard by Judge Malone on August 25, 1995.

On the afternoon of July 23, 1993, the sixtieth day following receipt of the certified letter advising Prudential of the tentative settlement agreement, Prudential delivered to Ms. Davis's attorney a check in the amount of $25,000 made jointly payable to Donna Warren and Prudential Casualty and Insurance Company. Ms. Davis's attorney concluded that such a tender did not comply with the statutory requirements of substitution by the insurance carrier and, on the next business day, he returned the check to Prudential's attorney at his office in Overland Park, Kansas. Prudential also filed a motion to intervene in the litigation between Davis and Bryant on July 23, 1993. Attached to Prudential's motion was a proposed answer denying liability and damage.

The trial court conducted a motions hearing on August 25, 1993, at which all parties, including Prudential, were represented. The court issued an order resolving the contested issues in Ms. Davis's favor, and denying Prudential's motion to intervene as untimely made. Prudential appealed the trial court's decision, but the Kansas Court of Appeals affirmed the lower court's decision and the Kansas Supreme Court denied a petition for review.

On November 29, 1995, Ms. Davis filed suit against Prudential in the United States District Court for the District of Kansas to recover the $75,000 representing the difference between her underinsured motorist coverage of $100,000 and the $25,000 payment she received from Mr. Bryant. Both parties moved for summary judgment and on April 30, 1997, this court granted summary judgment in favor of Ms. Davis and against Prudential.

## II. DISCUSSION

■ Ms. Davis presently seeks recovery of $15,000 in attorney's fees pursuant to Kan. Stat. Ann. § 40–256, which provides in relevant part:

That in all actions hereafter commenced, in which judgment is rendered against any

insurance company as defined in K.S.A. 40–201, ... if it appear [sic] from the evidence that such company ... has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as part of the costs.

Kan. Stat. Ann. § 40–256. The determination of whether an insurance company has refused to pay a claim without just cause or excuse turns on the facts and circumstances of a particular case. *Allied Mut. Ins. Co. v. Gordon*, 248 Kan. 715, 811 P.2d 1112, 1125 (1991). If a good faith legal controversy over liability exists, attorney's fees must be denied. *Id.* Likewise, if an insurer has a bona fide and reasonable factual basis for refusing to pay a claim, no attorney's fees are available. *Id.* (citations omitted). "Denial of payment that is not arbitrary, capricious, or in bad faith will not give rise to an award of attorney fees." *Id.* (citation omitted). An insurer's denial of a policy claim is considered "bona fide" if the insurer's explanation "is not frivolous or patently without reasonable foundation." *Glickman v. Home Ins. Co.*, 86 F.3d 997 (10th Cir.1996) (citing *Clark Equip. Co. v. Hartford Accident & Indem. Co.*, 227 Kan. 489, 608 P.2d 903, 907 (1980)). "The existence of a good faith legal controversy has been held to constitute just cause or excuse for an insurer's denial of coverage." *Glickman, Inc. v. Home Ins. Co.*, 887 F.Supp. 259 (D.Kan.1995) (citing *Farm Bureau Mut. Ins. Co. v. Carr*, 215 Kan. 591, 528 P.2d 134 (1974)). Therefore, an award of attorney fees is not required under Kan. Stat. Ann. § 40–256 where there exists a division of authority on the validity of the legal defense asserted by the insurer. *Id.* (citing *Forrester v. State Farm Mut. Automobile Ins.*, 213 Kan. 442, 517 P.2d 173 (1973)).

■ Prudential contends that attorney's fees are not owed in this case because there was room for reasonable disagreement over the issue decided by this court. Prudential characterizes the issue decided by this court as whether an underinsured motorist carrier

is bound by a settlement between the insured and the alleged tort-feasor where the carrier was not given sixty days to substitute payment before the settlement was effected and finalized. Prudential then points out that this court "obviously came to a different conclusion" than the decision in *Dalke v. Allstate Ins. Co.,* 23 Kan.App.2d 742, 935 P.2d 1067 (1997), in which the Kansas appeals court held that an insured forfeited her right to recovery from her insurer by failing to provide notice of her settlement. Prudential's plain implication is that the court's decision was clearly contrary to Kansas law, thus evidencing a division of authority on the issue. Prudential is mistaken and misstates the issue decided in this case.

It was not necessary for the court to rule on the issue as it has been framed by Prudential. In response to Ms. Davis' summary judgment motion, Prudential argued that it only had three days, rather than the statutorily allowed sixty days, to substitute its payment to Ms. Davis because Ms. Davis and Mr. Bryant entered into an agreement shortly after it received notice on May 24, 1993, and Judge Malone approved the agreement and entered judgment on May 27, 1993. The court, in its April 30, 1997 order, addressed this argument and found it rather disingenuous. The court stated:

> Although Judge Malone did in fact enter the May 27 judgment, Prudential fails to articulate how it was misled by the entry of that order. It is uncontested that Prudential was unaware of the order until at least August 25, 1993—long after the statutorily allowed sixty days had expired. Judge Malone's May 27 judgment, therefore, would not have affected Prudential's decision regarding its rights under Kan. Stat. Ann. § 40–284(f). Moreover, Prudential's attempt to substitute on the last day allowed by statute, and its failure to contest the May 27 order until well after the statutory deadline, are both inconsistent with its claim that its right to substitute payment was frustrated.

The court also found that Prudential did not tender "the amount of the tentative tort settlement" as Kan. Stat. Ann. § 40–284(f) clearly seems to require, thus forfeiting its subrogation right by failing to pay Ms. Davis the amount of the tentative tort settlement within sixty days. Accordingly, there was no need to address the question of an underinsured motorist carrier's rights and obligations where it is not given sixty days to substitute payment before a settlement between its insured and a tort-feasor is finalized.

This was not an action regarding a good faith legal controversy over liability, but rather an attempt by Prudential to avoid the consequences of its own tactical miscalculation. Accordingly, the court finds that attorney's fees are owed.

■ Plaintiff submits statements of services documenting 163.5 attorney hours and 88.2 law clerk hours. These totals appear somewhat excessive for this case, particularly in light of the numerous vague entries. Nevertheless, it is clear that plaintiff's request for $15,000 is significantly below what the lodestar calculation would produce at the number of hours submitted. The court finds it reasonable to award fees for 120 attorney hours rather than the requested 163.5 attorney hours and 88.2 law clerk hours. At an hourly rate of $125.00, that still results in an award of $15,000.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Attorney's Fees (Doc. 35) is granted and plaintiff is awarded $15,000 in attorney's fees.