**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONNA DAVIS,

Plaintiff-Appellee,

v.

PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE
COMPANY,

Defendant-Appellant.

No. 97-3355
(D.C. No. 95-CV-4190)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **LOGAN**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Prudential Property and Casualty Insurance Company (Prudential) appeals from the district court's order awarding attorney's fees to plaintiff Donna M. Davis. We affirm.

The underlying facts of this case are set out in our unpublished decision on Prudential's previous appeal, Davis v. Prudential Property & Casualty Insurance Company, No. 97-3137, 1998 WL 51734, at *1-*2 (10th Cir. Feb. 2, 1998). In that decision, we affirmed the district court's order granting Davis summary judgment in her action against Prudential for underinsured motorist benefits. See id. at *2, *4. After the district court awarded her summary judgment, Davis filed a motion seeking an award of attorney's fees pursuant to Kan. Stat. Ann. § 40-256, which provides in pertinent part:

> That in all actions hereafter commenced, in which judgment is rendered against any insurance company . . . if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding on appeal, to be recovered and collected as a part of the costs[.]

The district court found that Davis was entitled to attorney's fees under § 40-256. It concluded that Prudential had not denied coverage in reliance upon a "good faith legal controversy over liability," but rather had done so in an attempt "to avoid the consequences of its own tactical miscalculation." Davis v. Prudential Property & Cas. Ins. Co., 985 F. Supp. 1251, 1254 (D. Kan. 1997).

-2-

Davis's right to recover attorney's fees depends upon state law.  See Gobbo Farms & Orchards v. Poole Chem. Co., 81 F.3d 122, 123 (10th Cir. 1996).  Our standard of review, however, is a matter of federal law.  "We review a district court's award of attorney's fees for abuse of discretion.  The district court's factual findings are only reversed if clearly erroneous.  Legal conclusions and statutory analysis are reviewed de novo."  Parks v. American Warrior, Inc., 44 F.3d 889, 892 (10th Cir. 1995) (further citations omitted).

In determining the appropriateness of the fee award, we will not revisit those legal and factual conclusions of the district court we upheld in the previous appeal.  They are law of the case.  See Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1995) (discussing law of the case doctrine).

"[U]nder Kansas law the accepted test for determining the existence of 'just cause or excuse' for purposes of § 256 is whether the insurance company's refusal is based upon a bona fide controversy over policy coverage."  Glickman, Inc. v. Home Ins. Co., 86 F.3d 997, 1002 (10th Cir. 1996) (citing cases).  "Bona fide controversy has been further defined to mean a position which is not frivolous or patently without reasonable foundation."  Id.

Prudential asserts that it had a bona fide and reasonable ground for contesting Davis's claim.  Prudential argues that Davis's failure to give it sixty days' notice before the order approving her settlement with the tortfeasor was

entered, as required by Kan. Stat. Ann. § 40-284(f), prevented her judgment against the tortfeasor from becoming binding on Prudential. Because there was no binding judgment, it argues, it was not required to pay the underinsured motorist claim. Prudential further asserts that this issue was one of first impression, thus barring an award of attorney's fees. See Garrison v. State Farm Mut. Auto Ins. Co., 894 P.2d 226, 235 (Kan. Ct. App.), aff'd, 907 P.2d 891 (Kan. 1995); Nicklin v. Harper, 860 P.2d 31, 39-40 (Kan. Ct. App. 1993) (holding attorney's fee award under § 40-256 is inappropriate where insurance company presents an issue of first impression).

In Prudential's previous appeal, we rejected this argument, and held that Prudential was liable to Davis for underinsured motorist benefits. We now further determine that the argument did not provide Prudential with a bona fide reason for failing to pay benefits. Although, as Prudential argues, the order approving the settlement was entered before it should have been, this factor is inconsequential in light of the facts and circumstances of this case. As detailed in our decision on the previous appeal, Prudential was barred from challenging the settlement agreement, because it had notice of but failed to timely intervene in Davis's lawsuit against the tortfeasor. See Davis, 1998 WL 51734, at *2. Moreover, Prudential forfeited its right of subrogation by making an improper tender of substitutionary proceeds to itself and Davis. See id. at *3; see generally

Kan. Stat. Ann. § 40-284(f). The premature entry of the order approving the settlement agreement did not provide it with just cause or excuse for its failure to pay benefits.

We also reject Prudential's contention that the Kansas Court of Appeals decision in Dalke v. Allstate Ins. Co., 935 P.2d 1067 (Kan. Ct. App. 1997), gave it a nonfrivolous basis for denying benefits in this matter. See Davis, 1998 WL 51734, at *3 (rejecting Dalke argument on the merits). Dalke held that an underinsured motorist who failed to provide any notice to her underinsurance carrier lost her right to obtain benefits pursuant to § 40-284(f), regardless of whether she could show that the insurance company suffered prejudice from the lack of notice. See Dalke, 935 P.2d at 1072. Dalke was published after Prudential had made its decision to deny benefits and after the parties had submitted their summary judgment materials in this case. Prudential could not have relied upon a good faith interpretation of Dalke to justify denial of benefits. Moreover, Dalke does not address the circumstances at issue here; in Dalke the insured gave no notice at all to her insurance carrier, and the carrier did not mismanage its own subrogation rights as Prudential did in this case.

Prudential has failed to show that the district court abused its discretion in awarding Davis attorney's fees. Having determined that an attorney's fee

award was appropriate, we next address Prudential's arguments concerning the amount of fees awarded. In its order, the district court stated the following:

> Plaintiff submits statements of services documenting 163.5 attorney hours and 88.2 law clerk hours. These totals appear somewhat excessive for this case, particularly in light of the numerous vague entries. Nevertheless, it is clear that plaintiff's request for $15,000 is significantly below what the lodestar calculation would produce at the number of hours submitted. The court finds it reasonable to award fees for 120 attorney hours rather than the requested 163.5 attorney hours and 88.2 law clerk hours. At an hourly rate of $125.00, that still results in an award of $15,000.

Appellant's Supp. App. 641-42.

Prudential asserts that the district court abused its discretion by failing to apply a lodestar calculation. The calculation of attorney's fees in a diversity case is determined with reference to state law. See Public Serv. Co. v. Continental Cas. Co., 26 F.3d 1508, 1520 (10th Cir. 1994); see generally Mangold v. California Pub. Util. Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995). We have found no Kansas case which applies the lodestar method to calculate the proper amount of attorney's fees under Kan. Stat. Ann. § 40-256. The district court did not abuse its discretion by failing to apply the lodestar calculation.

Prudential argues, alternatively, that the district court did apply a lodestar calculation, but did so incorrectly, requiring reversal. We disagree. Although the court's reliance on the number of hours submitted rather than "the total number of hours reasonably expended," see Phelps v. Hamilton, 120 F.3d 1126, 1131

-6-

(10th Cir. 1997), might require reversal if this were a case in which the lodestar method were used to arrive at an ultimate figure, the district court here merely used the lodestar calculation as a gauge of reasonableness. The district court arrived at a reasonable hourly rate ($125) and a reasonable number of hours on which to base the award (120), thus fulfilling the essential "reasonableness" function of the lodestar calculation. See generally Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 563-66 (1986) (discussing lodestar analysis).

Under Kansas law, the issue is whether the award provided "fair and reasonable compensation" to the insured's attorney. See Evans v. Provident Life & Accident Ins. Co., 815 P.2d 550, 561 (Kan. 1991). The trial court is presumed to be an expert in the area of attorney's fees, and can draw upon this expertise in evaluating their reasonableness. See id. at 562. The party challenging the attorney's fee award must show that the award is unreasonable. See id.

This brings us to Prudential's final argument, that the attorney's fee award is unreasonable. Prudential points out the district court's comments about excessive hours and vague entries. But Prudential ignores the fact that the district court addressed these concerns by completely eliminating the 88.2 law clerk hours for which Davis sought payment, and by reducing the number of attorney hours requested by more than twenty-five percent.

Prudential further argues that $15,000 is an extraordinary amount of attorney's fees for what it deems a simple case based on a brief complaint and decided on summary judgment without discovery. Prudential's argument is belied by its own summary judgment appendices filed in this court, which include over six hundred pages. We conclude that the district court did not abuse its discretion in approving the attorney's fee award of $15,000.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge